LETOURNEAU v. DAVIDSON.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—REVIEW OF AWARD—POWERS OF BOARD—QUESTIONS REVIEWABLE.
   Under the workmen's compensation act (2 Comp. Laws 1915, § 5467), the industrial accident board, on the hearing of a petition to review an award theretofore made by it, may not review the facts establishing liability as found

by it, but the amount of the weekly payment ordered, due to changed physical condition of the party injured, may be ended, diminished, or increased, subject to the maximum and minimum amounts provided in the act, if the facts proven warrant such action.

2. SAME—AWARD MAY NOT BE REDUCED ON ACCOUNT OF DISABILITY DUE TO OLD AGE.

On petition of the employer to review an award of compensation to an injured employee, who was 77 years old, the industrial accident board was not justified in reducing the amount of the weekly award one-half on the ground that the continuing disability was due about equally to the injury and to conditions incident to old age, since the act is applicable alike to all ages, and the amount to be awarded is in no way dependent upon the probability of a more speedy and complete recovery by a person young in years than by one of advanced age.

3. EVIDENCE—DISABILITY DUE TO OLD AGE—JUDICIAL NOTICE.

The court will take judicial notice of the fact that the earning power of a person performing manual labor is usually lessened when he reaches the age of 77 years.

Certiorari to Industrial Accident Board. Submitted April 4, 1922. (Docket No. 16.) Decided June 5, 1922.

Joseph Letourneau presented his claim for compensation against James Davidson for injuries received in defendant's employ. From an order reducing the payments under an award, plaintiff brings certiorari. Reversed, and order vacated.

*Kinnane, Black & Leibrand,* for appellant.

*J. E. Converse,* for appellee.

SHARPE, J. The plaintiff sustained an injury while in defendant's employ on November 28, 1916. Claim for compensation was made, resulting in an award of $8.25 per week, to continue during disability. This was affirmed by the board on July 13, 1918.

On November 10, 1919, defendant filed a petition,

praying that payment be terminated for the following reasons:

"(1) The amount awarded by this board as a weekly payment to the applicant was contrary to the great weight of evidence in said cause.

"(2) That the amount awarded by this board as weekly payment to the applicant was not warranted by the average wages paid to the applicant by the respondent.

"(3) That the amount awarded by this board to the applicant as weekly payment was not warranted by the average annual earnings of the applicant prior to his injury.

"(4) That the amount awarded by this board as weekly payment to the applicant was not warranted by the facts and the record in said cause.

"(5) That the said applicant has fully recovered from and is not now suffering any disability as result of the injuries suffered by him and for which an award was made."

Testimony was submitted in support of the petition. The board found that the first four reasons assigned were *res adjudicata* and the fifth not supported by the proofs, and dismissed the petition.

On September 29, 1920, a petition quite similar in form was presented to the board. It was therein stated on information and belief—

"that the only disability now suffered by the applicant is that of old age, he being approximately seventy-seven years of age; that he is suffering from senility and that no part of his present condition can be traced to his injuries as a cause."

The reasons assigned are:

"(1) That the amount awarded by this board as weekly compensation to the applicant was not warranted by the average wage paid to the applicant by this respondent.

"(2) That the amount awarded by this board to the applicant as weekly compensation was not warranted by the average annual earnings of the applicant prior to his injury.

"(3) That the applicant has fully recovered from the injuries suffered and sustained by him and that compensation therefor should be stopped.

"(4) That the respondent under the facts and circumstances in the premises should have an order entered by this board releasing him from the payment of any further compensation as a result of the alleged injuries.

"(5) That the said applicant has fully recovered from and is not now suffering any disability as a result of the injuries suffered by him and for which award was made, and for that reason compensation should be stopped."

Plaintiff answered, averring that the first four reasons should not be considered because the questions presented had become *res adjudicata,* and denied that the fifth was supported by the facts. The petition was considered by the board on December 7, 1920, no additional proofs having been submitted. On April 2, 1921, the board addressed a letter to the attorneys, saying:

"The board has decided to have Mr. Letourneau, the applicant in the above entitled case, examined by an impartial physician, and has selected Dr. Charles H. Baker, Crapo block, Bay City, Michigan, for that purpose. Dr. Baker, under date of March 31, 1921, advised us that he would be ready to make such examination at any time during the coming week, and we ask that you communicate with Dr. Baker and arrange a time convenient to all parties."

It does not appear that any of the attorneys were present when Dr. Baker examined the plaintiff. In his report to the board, after stating somewhat in detail the physical condition of the plaintiff, he said:

"Mentally he appears normal and his nerve reflexes are better than most men of his age. He is of a wiry enduring type which preserves its strength late in life and in my judgment his disabilities—which are very real—are only partly senile and partly the results of the injury he received. He is unable to perform

218 Mich.—22.

manual labor and in my judgment the disability is about equally the result of injury and the natural loss due to his age."

A copy of this report was sent to the attorneys for both parties in a letter in which they were advised:

"The case will be held in abeyance for a period of one week from date to enable the parties to file any testimony they care to submit. An order will be entered at the expiration of that time according to the file."

To this, plaintiff's attorneys replied:

"I note also that the case will be held in abeyance for a period of one week from date to enable the parties to file any testimony they may care to submit and that an order will be entered at the expiration of that time according to the files. Now in answer thereto wish to say that we have no additional testimony to submit. Our position is covered by our briefs now on file with you in this case and we know of nothing to add at this time but what has already been said. We are of the opinion that the matters and questions raised by the respondent in this case are *res adjudicata* under the pleadings and proofs now before the board."

On May 9, 1921, the board made an order which we quote in part:

"Taking all the facts, circumstances and conditions surrounding the case as disclosed and set forth by the record in the same and the report of Dr. Baker filed with the board on April 7, 1921, it is ordered and adjudged, that the respondent pay to claimant in compliance with the order now in force the sum of $8.25 per week from the 24th day of September, 1920, to the 7th day of April, 1921 (the date of the receipt of the report of Dr. Baker), a period of twenty-seven (27) weeks, or a total of two hundred twenty-two and 75-100 dollars ($222.75), which should be paid forthwith and receipt therefor filed with the board; and that from April 7, 1921, the order now in force in this matter should be amended and modified to give compensation to claimant in the sum of $4.12½ per week; which sum represents the amount of disability due to the injury as shown by the report of Dr. Charles

Baker, which has been accepted as evidence by both applicant and respondent, during the continuance of his partial disability, all in accordance with the terms and provisions of the workmen's compensation act."

This order the plaintiff reviews by certiorari.

The power of the board to review an award theretofore made by it is conferred by section 14 of part 3 of the act (2 Comp. Laws 1915, § 5467). In considering a petition for such a review, this court said in *Estate of Beckwith* v. *Spooner*, 183 Mich. 323, 329 (Ann. Cas. 1916E, 886):

"On the hearing of such petition for review it can be stated as a general rule that the essentials leading up to the award, or its equivalent, are to be taken as *res adjudicata*, except the physical condition of the injured employee, which naturally and legally remains open to inquiry."

We later held in *Pocs* v. *Buick Motor Co.*, 207 Mich. 591, *Diebel* v. *Construction Co.*, 207 Mich. 618, and *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174, that a rehearing may not be had to review the facts establishing liability as found by the board. The amount of the weekly payment ordered, due to the changed physical condition of the party injured, may, however, "be ended, diminished or increased, subject to the maximum and minimum amounts" provided in the act, if the facts proven warrant such action.

Plaintiff's counsel insist that the report of Dr. Baker was not competent evidence. Defendant's counsel says that it was and urges that the correspondence indicates an assent on the part of plaintiff's counsel that it should be so considered. The relief sought in the petition was that "compensation should be stopped." On it and the report of the doctor, the board determined that the then disability of plaintiff was partially due to conditions incident to old age and reduced the amount of the award. If we give the report probative force, we do not think it justified the

order made.   The plaintiff was about 73 years of age
at the time of his injury and about 77 at the time he
was examined by Dr. Baker.   We may take judicial
notice that the earning power of a person performing
manual labor is usually lessened when he reaches the
age of 77 years.   In Wisconsin, the act provides for
a percentage reduction of compensation when the ap-
plicant reaches a certain age.   *City of Milwaukee* v.
*Ritzow,* 158 Wis. 376 (149 N. W. 480, 7 N. C. C. A.
498).   The provisions of our statute by which the
amount of compensation is to be determined are ap-
plicable to all ages.   The amount to be awarded is
in no way dependent upon the probability of a more
speedy and complete recovery by a person young in
years than by one of advanced age.   It depends en-
tirely upon the nature and extent of the disability and
the wages earned.   So long as the disability continues,
the payments must continue, within the limits fixed by
the act.   Any attempt to determine that a part of the
disability is due to an injury from which there has
not been a recovery and a part to conditions incident
to old age would be entering upon a field of specula-
tion which we think neither the board nor this court
should be at liberty to explore.   As was said in *Winn*
v. *Adjustable Table Co.,* 193 Mich. 127, 131:

"It is impossible to know how much the claimant
might have earned if suffering only from the partial
disability when, as a matter of fact, he cannot earn
anything because of the total disability."

After further commenting on the difficulty pre-
sented, it was said:

"It was an attempt to meet a situation not provided
for by the statute, and neither the industrial accident
board nor this court has any power to do that."

A somewhat similar question was presented in *Hills*
v. *Oval Wood Dish Co.,* 191 Mich. 411.   In that case
the defendants, after making payment for a consider-

able time pursuant to an award, asked to be relieved for the reason that claimant's continued disability was due to a venereal disease from which he was suffering at the time of the injury and which retarded the healing of the wound caused thereby. In the opinion filed by the board it was said:

"The compensation law does not fix any standard of physical health, nor does it make any exceptions for cases of injuries to men whose health is impaired, or below the normal standard. Neither does it except from the benefits of the law the man who carries in his body a latent disease which, in case of injury, may retard or prevent recovery. The law by its expressed terms applies to every man who suffers disability from injury. It does not exclude the weak nor the less fortunate physically, but was intended for the working men of the State generally, taken as they are."

After quoting the above, Mr. Justice PERSON, speaking for the court, said:

"We agree with the industrial accident board that, under the circumstances of this case, the act does not contemplate any such apportionment of the period of disability as respondents ask for. Assuming that such disability is being prolonged by the disease, there is yet no point at which the consequences of the injury cease to operate. It is the theory of respondents, not that the consequences of the injury cease, but that they are prolonged and extended. There is no part of the period of disability that would have happened, or would have continued, except for the injury. The consequences of the injury extend through the entire period, and so long as the incapacity of the employee for work results from the injury, it comes within the statute, even when prolonged by pre-existing disease."

The order of the board reducing compensation is reversed and set aside. The plaintiff will recover costs.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.