ANDERSON v. FORD MOTOR CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — RE-HEARING MAY NOT BE GRANTED.

The department of labor and industry may neither grant nor hold a rehearing on a claim under the workmen's compensation act.[1]

2. SAME—SECOND PETITION WHICH ALLEGED NO NEW FACTS WAS ONE FOR REHEARING.

Where an injured employee made a claim against his employer and was awarded compensation, the department of labor and industry was without jurisdiction to grant another hearing on a petition subsequently filed, which alleged the same injury, where there was no showing that plaintiff's physical condition was worse than it was at the time of the first hearing, and the reasons advanced for further compensation all existed at that time; said petition being in reality one for a rehearing.[2]

[1]Workmen's Compensation Acts, C. J. § 109 (Anno); [2]Id., C. J. § 151.

Certiorari to Department of Labor and Industry. Submitted April 10, 1925.     (Docket No. 55.)     Decided October 27, 1925.

George R. Anderson presented his claim for compensation against the Ford Motor Company for an accidental injury in defendant's employ.     From an order awarding compensation, defendant brings certiorari.     Reversed, and order vacated.

*George H. Anderson,* for appellant.

WIEST, J.     December 16, 1923, while working at common labor in defendant's employ, plaintiff, in lifting a plank, sprained his back.     He quit work for three and one-half weeks and then returned and worked at lighter labor until early in March when he decided to take a rest and left defendant's employ.     He changed his mind about taking a rest and wanted to return to work for defendant but was not taken back, and, after seeking other employment and declining two offers because the work was too heavy, he secured work in a restaurant May 17, 1924, and was working there at the time of his first and second hearings for compensation.     April 28, 1924, he made application for compensation, stating therein that the injury to his back caused him to lose three weeks' time, he was then suffering with his back a great deal and asked $28 for two weeks' compensation and such other relief as he was entitled to have under the workmen's compensation law.     This petition was heard by a deputy commissioner May 20, 1924, and testimony taken. Plaintiff then claimed his injury incapacitated him from performing heavy labor.     At that hearing he testified:

"Then I went to the first aid several times and then it stopped hurting, and I went back to work and it

has been settling in my back since I left the Ford Motor Company.     It is hurting a little now, so far as that goes.   *   *   *   All I know is that I suffered with my back from lifting that plank, and have been suffering practically ever since.     My back is hurting right now from it.     That is, it has not got well since."

He also stated that his claim was limited to $28 for lost time and about $1.75 for liniment, etc.     He was awarded compensation for two and one-half weeks at $14 per week, and $1.75 for medical expenditures. This award was paid by defendant and receipt given by plaintiff.

August 27, 1924, plaintiff filed another petition in which he alleged the same injury and the award mentioned, and:

"Your petitioner further represents that since March 25, 1924, he has been disabled in the employment in which he was engaged at the time of the said injury and is entitled to further compensation.

"Your petitioner further represents that he worked as best and as long as he was able considering the condition of his back, but that on or about the 25th day of March, 1924, he became no longer able to continue in the heavy work at which he was then employed, and that he was promised lighter work, but was never assigned same.

"That since said time he has had several opportunities to obtain other employment but could not accept same because of the condition of his back caused by the original injury on December 16, 1923; that as a result thereof he was entirely out of employment since the 25th of March, 1924, to May 17, 1924, and that from May 17, 1924, to date he has been making $13 per week doing light work at a restaurant."

Upon a hearing, and over objection, he was awarded $7.80 per week from May 21, 1924, to September 16, 1924.     The order suspended payment after September 16th because defendant had offered plaintiff a job

which it was admitted he could perform. This petition on its face was for a rehearing pure and simple, and should not have been acted upon. The board may neither grant or hold a rehearing. *Harris v. Castile Mining Co.*, 222 Mich. 709; *Levanen v. Seneca Copper Corp.*, 227 Mich. 592. There was no evidence that his physical condition was worse than it was at the time of the first hearing. The evidence of plaintiff brought no new subject-matter before the board, for the reasons he gave for further compensation all existed at the first hearing and were then presented. His physical condition was the same at the first as at the second hearing. He left defendant's employ March 6, 1924.

We quote from his testimony at the second hearing:

"I told my foreman the reason I was leaving that I was not feeling so well, and my back was not well, and that I was going home, I thought I would take a rest for a while.  *  *  *

"*Q.* Now, just what is it that troubles you?

"*A.* Well, it seems that I have a strained back, and if I lift anything heavy, or if I bend over, it hurts me quite a little bit, and if I lean to one side it hurts, and in working in the restaurant, a little pail of garbage, I cannot carry that out by myself.  *  *  *

"*Q.* Now, Mr. Anderson, the pains that you experience now, on lifting something heavy, are those the same pains, or similar pains that you received immediately after the injury?

"*A.* Yes, sir.

"*Q.* The same kind of pains?

"*A.* Yes, sir.

"*Q.* And you say they occur in the small of the back on both sides of the spine?

"*A.* Yes.  *  *  *

"*Q.* How is your condition, improving?

"*A.* Well, I don't think it has improved very much since I got hurt. At times, I felt pains in my back, and when I get,—after I lift something, it makes me feel awful weak, and some nights I can hardly rest in bed on account of pains I have in my back.  *  *  *

"*Q.* Anderson, what is your condition at the present time comparing it to what it was at the time of the last hearing?

"*A.* To what it was?

"*Q.* What is your condition at the present time comparing it to what it was at the time of the last hearing?

"*A.* Well, at the last hearing, why, I stated up here, and also in the petition that I sent to Lansing that I was not well, and was still suffering with my back and have been all along ever since.

"*Q.* Well, is it better, worse, or the same?

"*A.* It is practically the same.   *   *   *

"*Q.* Have you ever claimed you have entirely recovered from the back injury at any time?

"*A.* No, sir.

"*Q.* Since the last injury?

"*A.* No, sir, it has not been well at all.   *   *   *

"*Commissioner Beattie:* Well, my question was at the time of the last hearing, if you claimed you had recovered at that time?

"*A.* No, sir, I did not.   It was in that petition that I sent to Lansing that I was suffering greatly with my back and have not recovered."

The award is vacated, with costs to defendant.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.