DYER *v.* McQUISTION.

1. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUS-
TRY—JURISDICTION—REVIEW OF PAYMENTS.

Department of labor and industry *held,* without jurisdiction to
make finding, on petition for further compensation, of total
disability as of time when previous lump sum settlement as for
partial disability was approved and make new award in accord‑
ance with such subsequent finding, the compensation payments
being subject to review by department only upon change in
degree of, or recovery from, disability (2 Comp. Laws 1929,
§ 8453).

2. SAME—DEPARTMENT OF LABOR AND INDUSTRY—CLERICAL APPROVAL
OF COMPENSATION AGREEMENTS.

Action of clerks of department of labor and industry in approv-
ing, without competent, legal evidence, agreements to pay
compensation regular upon their face and which correspond to
reports of compensable accidents, while not permissible under
the workmen's compensation act, may not be treated by the
department as of less effect than action had by department in
an effort to comply with the statute (2 Comp. Laws 1929,
§ 8407 *et seq.*).

3. SAME—REHEARINGS—RES JUDICATA.

Department of labor and industry may not grant or hold a re-
hearing upon matter once adjudicated in proceedings to re-
cover compensation.

4. SAME—APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Finding of deputy commissioner, reversed by holding of depart-
ment of labor and industry, may not be adopted by Supreme
Court since latter reviews finding of department and must ac-
cept facts found by it if there is any evidence in support
thereof.

5. SAME—LUMP SUM SETTLEMENT FOR PARTIAL DISABILITY—SUBSE-
QUENT FINDING OF TOTAL DISABILITY.

On appeal from award of compensation for total disability on
petition for further compensation, finding of department that

plaintiff was in fact totally disabled at time of lump sum settlement instead of partially disabled, as for which lump sum settlement was approved *held*, supported by evidence but not to be sustained since it was a substitution upon reconsideration of an adjudicated matter, as upon a rehearing (2 Comp. Laws 1929, § 8453).

6. SAME—TOTAL DISABILITY—INCREASED DISCOMFORT—EARNING CAPACITY.

Mere increased discomfort of employee found to have been totally disabled does not warrant increased rate of compensation, since the question is one of earning capacity, not of pain and suffering.

POTTER, C. J., and EDWARD M. SHARPE, J., dissenting.

Appeal from Department of Labor and Industry. Submitted January 10, 1935. (Docket No. 62, Calendar No. 38,121.) Decided October 31, 1935.

Frank Dyer presented his claim against Earl McQuistion, employer, and United States Fidelity & Guaranty Company, insurer, for compensation for accidental injuries sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Reversed.

*Milton G. Schancupp* (*Isabel Larwill*, of counsel), for plaintiff.

*Allaben & Wiarda*, for defendants.

WIEST, J. I cannot concur in the opinion of Mr. Justice POTTER.

In October, 1933, the department approved a settlement agreement between the parties and granted plaintiff's petition for a lump sum settlement thereunder, stating: "after due investigation and consideration of said petition and inquiry into the facts and circumstances of the case."

In January, 1934, upon plaintiff's petition for further compensation, the department found that, at the time of the approval of the lump sum settlement, plaintiff was totally disabled and should be permitted to collect compensation for total disability, and the amount paid, by virtue of supplemental agreement and lump sum settlement, should be treated as an advance payment, and awarded him $13.11 per week from December 23, 1933, less the amount paid under the lump sum settlement.

The department assumed power to set aside its former award and adjudicate anew, without any change in the disability of plaintiff and, upon an express finding of no change. We quote the finding:

"And inasmuch as it is not seriously disputed that at the very time the lump sum settlement and supplemental agreement for 89 cents a week were entered into, the plaintiff was totally disabled, there is nothing further for the commission to decide."

If plaintiff was totally disabled when the department approved the lump sum settlement he was not worse three months later when the department vacated its former order and made the award at bar. *Runnels* v. *Allied Engineers, Inc.*, 270 Mich. 153. Without such change the department had no power to review its former order. Weekly payments are subject to review upon change in degree of, or recovery from disability, but the department cannot otherwise review, reverse, vacate, ignore, repudiate or act anew upon matters once adjudicated.

In an opinion the department asserts jurisdiction by reason of a practice described as follows:

"Under the present practice, agreements to pay compensation, if regular upon their face and if they correspond to the report of compensable accident,

are approved by the clerks of the department. Many thousands of cases of this character each year never reach the commission or any of the commissioners or deputy commissioners. Other agreements may be approved by one commissioner upon inquiry. None of the first class of orders, growing out of approved contracts, are based upon competent, legal evidence. The second class of so-called awards are, of course, made after a full inquiry upon the merits by legal evidence produced in formal hearing.''

The statute tolerates no such practice, and approval by clerks, so permitted by the department, may not be treated by the department as of less effect than action by the department in, at least, an effort to comply with the statute.

In the instant case we have, as above mentioned, quoted from the findings of the department in approving and authorizing a lump sum payment, and such action cannot be laid to clerical workers.

The department also stated in an opinion:

''We believe the legislature intended by this section (2 Comp. Laws 1929, § 8453) to confer upon the commission or its deputy the right, upon formal hearing, to review payments fixed in an agreement upon which there has been no hearing held, and, if we are correct in this solution of the difficulty, then the commission has the right to review the payments provided for in the agreement of November 1, 1933, and paid through the order of the lump sum petition of the same date.

''We think the question has been definitely settled by the Supreme Court in the case of *Norbut* v. *I. Stephenson Co.*, 217 Mich. 345.''

The *Norbut Case* is not authority for the action of the department in this case. That case must not be extended beyond the issue there presented and decided. There the department found the injuries more serious than had at first been apprehended and

awarded additional compensation. That was but saying that the disability had increased after approval of the agreement for compensation and a lump sum settlement, based thereon. Such is not the case at bar, for here the department found that total disability existed at the time the agreement for compensation and the lump sum settlement, based thereon, were approved and then, in effect, held that the former adjudication should not have been made because of total disability of plaintiff at that time and, therefore, vacated the same by way of a new award. Such was not review but mere substitution upon reconsideration as upon a rehearing.

The department may not grant or hold a rehearing. *Anderson* v. *Ford Motor Co.*, 232 Mich. 500; *Magnuson* v. *Oliver Iron Mining Co.*, 270 Mich. 482.

In order that there may be no misunderstanding of the scope of the decision in the *Norbut Case* we state that it was, and is, limited to review of conditions relative to disability arising after an approved award and not to accord review upon conditions existing at the time of a previous approved award.

Counsel for plaintiff ask for the adoption of the finding of the deputy commissioner of increased disability after the approval of the agreement and lump sum award. This would be contrary to the finding of the full department on appeal, and this we cannot do for we review the holding by the full department and must accept the facts as found by that department if there is any evidence in support thereof. There was evidence supporting the finding of total disability of plaintiff at the time of approval of the agreement and lump sum award. Plaintiff's discomfort may have increased after such award but the question is one of earning capacity and not of pain and suffering.

The award is vacated, with costs.

North, Fead, Butzel, and Bushnell, JJ., concurred with Wiest, J.

Potter, C. J. (*dissenting*). Plaintiff sustained a compensable injury May 17, 1932. An agreement for compensation at the rate of $14 a week was made, filed, and approved by the department of labor and industry. July 18, 1932, a settlement receipt was filed. On hearing to approve that receipt, an order was entered disapproving the same, and continuing the compensation. October 10, 1932, another settlement receipt was filed, and approved October 29, 1932. A petition for further compensation was filed, and an award entered January 12, 1933, of $2 a week for partial disability. Later, a petition to stop compensation was filed, and an order entered denying the same. November 1, 1933, a supplemental agreement fixing compensation at 89¢ a week was filed, together with a petition for a lump sum settlement; and this supplemental agreement was approved and lump sum petition granted November 9, 1933, under which plaintiff was to receive $397.75. January 2, 1934, plaintiff petitioned for further compensation; an award was made; and from this award, defendants appeal.

Appellants claim the department of labor and industry may not reverse or set aside an unappealed from award without showing a change in plaintiff's condition; and the mere fact a lump sum settlement was made does not authorize the department to reopen and reverse the award and grant a petition for further compensation.

The petition of January 2, 1934, under which the award was made sets forth the date of the injury, and that since December 10, 1933, plaintiff has been disabled in the employment in which he was engaged at the time of injury, and is entitled to further com-

pensation; that examination by a physician discloses he is suffering from ankylosis of the vertebra, with pressure on spinal nerves, resulting in neuritis and obvious deformity with impairment of motion, and accompanied by pain, from which he is now totally disabled. There was testimony to sustain plaintiff's contentions.

It is claimed approval of a final settlement receipt constitutes an adjudication binding upon plaintiff, and bars an application for further compensation; and the burden was upon plaintiff to show a change in condition after the approval of such settlement receipt and showing disability resulting from the accident.

Plaintiff claimed total disability in prior petitions for compensation, but the department had held he was but partially disabled and awarded compensation accordingly. The proof shows plaintiff's disability was of a progressive character. He gradually became worse. A finding by the department that plaintiff was partially disabled at one time is no proof he may not have been totally disabled at another time. Such finding by the department of labor and industry does not constitute former adjudication which prevented plaintiff from showing the facts. If it did, then if a workman were found by the department of labor and industry to be totally disabled, the opposite party would be precluded by such adjudication from subsequently showing plaintiff had recovered and compensation should be stopped.

The award of the department should be affirmed.

EDWARD M. SHARPE, J., concurred with POTTER, C. J.

The late Justice NELSON SHARPE took no part in this decision.