SUSAN v. UNIVERSAL BREWING EQUIPMENT CO.

1. Workmen's Compensation—Orders Made by Department Cognizable by It—Findings Contrary to Fact Ignored by Supreme Court.

Since the department of labor and industry should take cognizance of, and be aware of, its own orders, its finding of fact that there was no order dismissing an appeal as to certain defendants is ignored by the Supreme Court where in direct contradiction to record presented.

2. Same—Dismissal of Appeal—Jurisdiction of Department.

Upon entry of order by department of labor and industry dismissing an appeal from award of deputy commissioner denying compensation from certain defendants, the department lost jurisdiction to enter thereafter an award against such defendants.

3. SAME—PRINCIPAL AND CONTRACTOR—FINDING BY DEPARTMENT.

> Finding of fact by department of labor and industry that relationship of principal and contractor did not exist between a third party, a defendant herein, and decedent's employer which was not subject to workmen's compensation act *held*, amply supported by record, hence Supreme Court may not disturb such finding (2 Comp. Laws 1929, § 8416).

Appeal from Department of Labor and Industry. Submitted October 11, 1939. (Docket No. 128, Calendar No. 40,652.)  Decided December 19, 1939.

Anna May Susan, widow, presented her claim against Universal Brewing Equipment Company and its insurer, American Mutual Liability Insurance Company, and D. R. Williams Brothers and their insurer, Travelers Insurance Company, for death benefits. From award rendered against Universal Brewing Equipment Company and American Mutual Liability Insurance Company, they appeal, and plaintiff cross-appeals. Reversed as to Universal Brewing Equipment Company and American Liability Insurance Company and affirmed as to D. R. Williams Brothers and Travelers Insurance Company.

*George H. Anderson,* for plaintiff.

*Alexander, McCaslin & Cholette* (*E. Dean Alexander,* of counsel), for defendants Universal Brewing Equipment Company and American Mutual Liability Insurance Company.

*Kelley, Sessions, Warner & Eger,* for defendants D. R. Williams Company and Travelers Insurance Company.

CHANDLER, J.  Plaintiff is the widow of Kenneth Susan, an employee of Susan & Sons, who received

fatal injuries on March 7, 1938, while removing a brew tank from a building in the city of Niles, said tank belonging to the defendant Universal Brewing Equipment Company. His employer was not subject to the provisions of the workmen's compensation act. See Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]). The Universal Brewing Equipment Company had first contacted defendant D. R. Williams Brothers relative to the removal of the tank, but due to lack of proper equipment, they were unable to perform the work, and through their efforts the services of Susan & Sons were obtained.

Plaintiff filed a notice and application for adjustment of her claim for compensation with the department of labor and industry against D. R. Williams Brothers and the Universal Brewing Equipment Company and their respective insurers, it being plaintiff's theory that one or the other of the defendants was liable for the payment of compensation as a "principal" within the meaning of that term as used in 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150).

The deputy commissioner, to whom the claim was assigned for hearing, denied compensation on the ground that the deceased was not an employee of either of the defendants at the time of the accident. From the award of the deputy, a claim for review thereof was filed, and on November 19, 1938, pending hearing before the department on review, plaintiff, the Universal Brewing Equipment Company, and its insurer, entered into a stipulation, reading in part as follows:

"It is therefore stipulated by and between George H. Anderson, attorney for plaintiff, Anna May

Susan, and Anna May Susan, plaintiff, and Edgar M. Cathro, attorney for the defendants, Universal Brewing Equipment Company and the American Mutual Liability Insurance Company, that the said appeal as against the said defendants, Universal Brewing Equipment Company and the American Mutual Liability Insurance Company is withdrawn and that an order shall be entered by the said department of labor and industry withdrawing said appeal as against the said defendants, Universal Brewing Equipment Company and the American Mutual Liability Insurance Company on the filing of this stipulation.''

On December 15, 1938, the department entered an order approving the stipulation and dismissing the appeal as against these two defendants as agreed. Later, however, on March 7, 1939, the department filed its award on the appeal, in which the defendants last mentioned were held liable for the payment of compensation. It is from the award so entered that this appeal in the nature of certiorari is taken.

The opinion of the department states,

"Prior to the hearing before the commission on review, the plaintiff, Anna May Susan, and her counsel and the Universal Brewing Equipment Company and its insurer, American Mutual Liability Insurance Company, by its counsel, filed a stipulation agreeing to dismiss plaintiff's appeal as against the Universal Brewing Equipment Company and the American Mutual Liability Insurance Company. No order was entered by the department approving the stipulation and dismissing the plaintiff's appeal as to the Universal Brewing Equipment Company and its insurer. * * *

"No possible advantage could be gained by defendant, Universal Brewing Equipment Company, through dismissal of the appeal against it inasmuch

as it is necessary for the commission on its review to go into all the matters involved on the appeal in order to determine the rights of the plaintiff as against the party defendants. In making such inquiries the commission must necessarily determine the rights of both defendants. Had all the parties agreed to withdrawing the claim for review as against both defendants, then it would not have been necessary to determine the rights of either of the parties inasmuch as the award of the deputy commissioner would be a complete adjudication. We are making a complete finding of fact with respect to the liability, if any, of both the party defendants.''

The finding of the department that no order was entered dismissing the appeal as to the Universal Brewing Equipment Company and its insurer stands without evidence in support thereof, and in direct contradiction to the facts as presented by the record, which includes the order of December 15, 1938, approving the stipulation and dismissing the appeal as to these defendants. The department should take cognizance of, and be aware of, its own orders, and its finding of fact, so made, may, under the circumstances, be ignored. See *Cornish* v. *Jackson & Tindle, Inc.,* 285 Mich. 566. When the order in question had been entered, the appeal as to the liability of the two defendants named therein was dismissed, and the department thereby lost jurisdiction to enter thereafter an award against them for payment of compensation.

The department further found that the relationship of principal and contractor did not exist between D. R. Williams Brothers and Susan & Sons within the provisions of 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150), and that, therefore, this defendant and its insurer were not liable. Plaintiff has taken a cross appeal from the conclusions of the de-

partment on this point.   The findings of fact on this issue are amply supported by the record, and are not to be disturbed on appeal to this court.   Based upon the findings so made, the department correctly concluded as a matter of law that the relationship of principal and contractor did not exist between the parties mentioned.

The award is vacated as to the Universal Brewing Equipment Company and American Mutual Liability Insurance Company, and affirmed as to D. R. Williams Brothers and Travelers Insurance Company, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.