## DRAKE *v.* FULLER MANFG. CO.

1. WORKMEN'S COMPENSATION—APPEALS—TRANSCRIPT OF TESTIMONY—DISCRETION OF DEPARTMENT.

    A rule of the department of labor and industry providing that an appellant shall obtain and file a transcript of testimony within 20 days after an appeal is filed, immediately followed by another provision empowering any commissioner to extend such time for good and sufficient cause upon application, leaves the matter of time within which a transcript shall be filed within the discretion of the department (Department of Labor and Industry, Rule No. 10, § 1).

2. SAME—TRANSCRIPT ON APPEAL—DISCRETION OF DEPARTMENT.

    The department of labor and industry did not lose jurisdiction to hear an appeal from its deputy commissioner notwithstanding transcript of testimony before the deputy was not filed within 20 days after claim of review was filed as provided for by department's rule where subsequently the department had granted claimant's petition for an extension of time for filing transcript pursuant to its discretion to do so reserved by its rule (Department of Labor and Industry, Rule No. 10, § 1).

3. TIME—SUNDAYS—RULES—DEPARTMENT OF LABOR AND INDUSTRY.

    Under a rule of the department of labor and industry providing that when the final date for compliance with an order or notice falls upon a Sunday or a legal holiday, the party shall have the next business day to comply therewith, the filing of a transcript of testimony on appeal on the 11th day conformed to the rule where the 10th day after order was made extending time for 10 days fell on a Sunday (Department of Labor and Industry, Rule No. 3, § 9).

4. WORKMEN'S COMPENSATION—CONCURRENT COMPENSATION—BACK INJURY—EYE INJURY—RES JUDICATA.

    Upon dismissal of appeal from order denying concurrent compensation for injury to back for period during which compensation was paid for loss of an eye, the matter of concurrent compensation was *res judicata.*

5. SAME—BACK INJURY—FURTHER COMPENSATION—CHANGE IN PHYSICAL CONDITION.

Under record containing testimony supporting finding of department of labor and industry that plaintiff was entitled to further compensation for injury to back, on account of a change in physical condition, such finding is affirmed and further compensation granted to begin after expiration of period for which compensation had been paid for an intervening injury to an eye.

Appeal from Department of Labor and Industry. Submitted January 9, 1941. (Docket No. 46, Calendar No. 41,336.) Decided April 8, 1941.

Herbert E. Drake presented his claim for compensation against Fuller Manufacturing Company, employer, and American Mutual Liability Insurance Company, insurer. From an award of compensation, defendants appeal. Award set aside and case remanded for entry of an award in accordance with opinion.

*Edward J. Ryan,* for claimant.

*Sessions & Warner,* for defendants.

BUTZEL, J. Herbert E. Drake, plaintiff, suffered a compensable injury to his back on August 19, 1936, and a final settlement was approved by the department of labor and industry January 8, 1937. Plaintiff resumed work on December 21, 1936, and worked continuously until July, 1938, when he was laid off. On November 4, 1938, he filed a petition for further compensation claiming that his physical condition had changed for the worse and that he had become totally disabled.

Defendant proved at the hearing on the petition that on April 8, 1938, plaintiff, claiming the loss of

his right eye through a subsequent accident, had received an award of $18 per week for 100 weeks from September 22, 1937. This award was subsequently redeemed for $1,400, the settlement being approved by the department. The amount of the settlement if divided into weekly payments of $18 each would cover a period of more than 77 weeks, ending on March 15, 1939, while the 100 weeks, for which the lump sum settlement was made, expired on August 30, 1939. At the conclusion of the hearing, Deputy Commissioner Black made an award denying compensation. He stated the compensation was "not in order at this time," as plaintiff in the interim had been awarded compensation for 100 weeks from September 22, 1937, for the loss of an eye, and the 100 weeks did not expire until August 30, 1939. Plaintiff filed an application for review of the order of the deputy commissioner but failed to press it any further. On February 9, 1939, the department entered an order dismissing the claim for review for failure to file a transcript of the testimony. The award of the deputy commissioner denying compensation thus became final at that time.

Nothing further was done by plaintiff until September 1, 1939, when he again filed a petition for further compensation. Testimony was taken before a deputy commissioner. The evidence was very conflicting. In defendant's attempt to impeach plaintiff's credibility, it was shown that on October 5, 1932, plaintiff had been examined by the Kalamazoo city health department and the record in the latter's files showed that plaintiff had made the statement at the time that the sight of his right eye was gone due to an accident in 1912; that he had worn a steel brace for 7 years and had a slight disability. A witness further stated that she made an eye test at the time and that plaintiff was blind in his right

eye. At the conclusion of the hearing, the deputy commissioner denied plaintiff's petition for further compensation and stated:

"The case presents a clear issue of fact and the credibility of the witnesses forces the above-mentioned denial of further compensation."

A claim of review was filed and, notwithstanding the opinion of the deputy commissioner, who had an opportunity to see the witnesses, the department reversed his findings and awarded plaintiff full compensation dating from August 1, 1938, covering the larger part of the period for which plaintiff had received compensation through the cash settlement for the loss of his eye.

Defendant, in appealing from this award granting further compensation, contends that the department had lost jurisdiction of the review of the case because plaintiff had not filed a transcript of the testimony within 20 days after filing application for review. On November 24, 1939, which was but a few days after the rendition of the award of the deputy commissioner denying plaintiff further compensation, the claim of review was filed. On February 16, 1940, defendant filed a motion to dismiss plaintiff's appeal for failure to file a transcript of the testimony. Rule 10 of the department provides:

"Sec. 1. * * * The party appealing * * * shall obtain * * * a transcript * * * and file the original of same with the commission within twenty days after an appeal is filed. The time for filing the transcript of testimony may be extended for good and sufficient cause upon application to any commissioner of the compensation division."

On February 19, 1940, plaintiff filed a petition for an extension of time in which to file a transcript, set-

ting forth his inability to furnish it sooner. Notwithstanding defendant's objections, the department on March 14, 1940, entered an order providing that plaintiff's appeal would be dismissed unless the transcript was furnished within 10 days from the date of the order. Defendant contends that this ruling was erroneous and attempts to apply our decisions in regard to time specified in statutes to rules of the department. We believe that the rule in regard to filing a transcript within 20 days, which is immediately followed by a provision for extension of time, leaves the matter within the discretion of the department. *Sovey* v. *Ford Motor Co.*, 279 Mich. 313, cited by defendant, referred to the filing of a claim for review within a statutory 10-day period. Distinction between a statutory limitation and a rule of the department was recognized in that case for we stated that the court consistently held that statutory limitations of time in judicial proceedings, as distinguished from court rules, are imperative.

In *Guss* v. *Ford Motor Co.*, 275 Mich. 30, we held that the department might extend the time for filing the transcript of testimony upon a showing of good cause. *Susan* v. *Universal Brewing Equipment Co.*, 291 Mich. 396; and *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604, cited by appellant, are distinguishable on their facts. We are not dealing in the present case with the mandatory provisions of a statute. We hold that the department was within its rights in construing its own rules and extending the time.

Plaintiff filed the transcript on March 25, 1940, 11 days after the order, but the 10th day fell on Sunday. Section 9 of rule 3 of the department provides that when the final day for compliance with an order or notice falls upon a Sunday or a legal holi-

day, the party shall have the next business day to comply therewith. Inasmuch as Sunday was the last day, the filing of the transcript on Monday conformed with the rule.

Appellee contends that plaintiff should be able to recover concurrent compensation for both the back injury and the eye injury notwithstanding *O'Brien* v. *Albert A. Albrecht Co.*, 206 Mich. 101 (6 A. L. R. 1257). Plaintiff further claims that when the payments for the loss of the eye were settled by cash redemption, plaintiff was immediately entitled to further compensation for the previous back injury, compensation for which had theretofore been stopped by an agreement approved by the department from March 15, 1939; or, at least, plaintiff is entitled to compensation when the 77 weeks represented by the lump sum settlement expired. We need not consider these claims, for there was an adjudication by the order of Deputy Commissioner Black to the effect that plaintiff was not entitled to further compensation at that time since he had been awarded compensation for 100 weeks and the appeal from the order thereafter was dismissed. This became *res judicata* and disposes of the claims for concurrent compensation during the 100 weeks. The department could not recapture the old appeal which had been previously dismissed. See *Levanen* v. *Seneca Copper Corp.*, 227 Mich. 592; *Anderson* v. *Ford Motor Co.*, 232 Mich. 500; *Righi* v. *Robert Gage Coal Co.*, 269 Mich. 46; *Hughson* v. *City of Kalamazoo*, 271 Mich. 36; *Roe* v. *Daily Record*, 273 Mich. 5; *Guss* v. *Ford Motor Co., supra; Tulk* v. *Murray Corp.*, 276 Mich. 630; *Fitzpatrick* v. *Olds Division of General Motors Corp.*, 282 Mich. 646.

As there is testimony to support the finding of the department that plaintiff is entitled to further compensation on account of a change in physical

condition, we must affirm such finding. Such compensation can only begin from August 30, 1939.

The award of the department is set aside, with costs to defendant, and the case remanded for entry of an award in accordance with this opinion.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.