EAST JORDAN IRON WORKS v WORKERS' COMPENSATION
APPEAL BOARD

Docket No. 60601. Submitted January 4, 1983, at Grand Rapids.—
Decided March 21, 1983. Leave to appeal applied for.

Nicholas Ramirez filed a claim for workers' compensation benefits
against several employers, including East Jordan Iron Works.
A hearing referee dismissed East Jordan as a party defendant.
The Workers' Compensation Appeal Board by order affirmed
that decision. The hearing referee subsequently held that Rami-
rez was not disabled due to any work-related condition caused
or aggravated by his employment with the remaining defen-
dants. That decision was also appealed to the Workers' Com-
pensation Appeal Board, which characterized its earlier order
as a procedural interlocutory order, set that order aside, and
remanded the case to the hearing referee for the taking of
additional testimony with East Jordan participating as the last
foundry employer. East Jordan applied for leave to appeal to
the Court of Appeals but the application was dismissed on the
grounds that the WCAB's order was interlocutory and that the
Court of Appeals has jurisdiction to grant leave to appeal only
from final orders of the board. East Jordan then filed a com-
plaint for superintending control by the Court of Appeals, and
the Court ordered the board to show cause why a writ of
superintending control should not be issued. The WCAB argued
that its first order in this matter was not a final order and that
it was therefore not beyond the board's powers to remand the
case thereafter for the taking of additional testimony. Held:

1. The board had no jurisdiction to issue the order setting
aside its earlier order because it would be reopening the case
for redetermination of the basic facts. The board has no power
to grant a rehearing of its determinations.

2. The WCAB's argument that an order of superintending

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 1053 et seq.
[2] 81 Am Jur 2d, Workmen's Compensation § 20.
[3, 5] 82 Am Jur 2d, Workmen's Compensation §§ 570, 571.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 630, 631, 632.
[6, 7] 82 Am Jur 2d, Workmen's Compensation § 478.

control is inappropriate because East Jordan has an adequate remedy by application for leave to appeal the board's eventual final order is rejected. Under the circumstances presented in this case, it cannot be said that an appeal after further proceedings before the Bureau of Workers' Disability Compensation would be an adequate remedy.

Order of superintending control granted.

1. COURTS — ORDERS — MULTIPLE PARTIES — COURT RULES.

A court order which adjudicates the rights and liabilities of fewer than all the parties to an action is not a final order absent an express determination that there is no just reason for delay and an express direction for the entry of judgment (GCR 1963, 518.2).

2. WORKERS' COMPENSATION — COURT RULES.

The general court rules do not apply to workers' compensation proceedings (GCR 1963, 11).

3. WORKERS' COMPENSATION — APPEAL BOARD — REHEARINGS.

The Workers' Compensation Appeal Board has no power to grant a rehearing of its determinations if a redetermination of the basic facts would be involved.

4. WORKERS' COMPENSATION — APPEAL BOARD — MODIFICATION OF DECISIONS.

The Workers' Compensation Appeal Board has the power to modify its decisions in view of changed circumstances as long as it does not redetermine matters at issue in the original proceedings.

5. WORKERS' COMPENSATION — APPEAL BOARD — REHEARINGS — NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence will not justify a rehearing before the Workers' Compensation Appeal Board.

6. SUPERINTENDING CONTROL — JURISDICTION — APPEAL.

The availability of an appeal in an individual case does not preclude the issuance of an order of superintending control where the appeal would not provide adequate relief; a superior court always has jurisdiction to issue an order of superintending control, and the inadequacy of the appeal is not a jurisdictional test but merely a procedural requirement to be met before relief can be granted (GCR 1963, 711).

7. SUPERINTENDING CONTROL — WRIT OF PROHIBITION — COURTS —
    TRIBUNALS — JURISDICTION — COURT RULES.
    An order of superintending control is available where formerly a
    writ of prohibition would have been appropriate; a writ of
    prohibition was a proper remedy where a court or tribunal
    exceeded its jurisdiction (GCR 1963, 711.3).

*Smith, Haughey, Rice & Roegge* (by *Constance J. Grzanka),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Eileen D. Zielesch,* Assistant Attorney General, for defendant.

Before: MACKENZIE, P.J., and R. B. BURNS and E. A. QUINNELL,* JJ.

MACKENZIE, P.J. This is an original proceeding to obtain an order of superintending control. Nicholas Ramirez filed a claim for workers' compensation benefits against several employers, including plaintiff, East Jordan Iron Works. In a decision dated June 6, 1977, the hearing referee dismissed plaintiff as a party defendant. An appeal was taken to the Workers' Compensation Appeal Board and the board affirmed the dismissal of plaintiff in an opinion and order dated August 3, 1978. The hearing referee subsequently entered a decision, dated November 9, 1978, which held that Ramirez was not disabled from any work-related condition caused or aggravated by his employment with the remaining employer-defendants. That decision was appealed to the Workers' Compensation Appeal Board and, on April 17, 1981, the board entered an order which characterized the order of August 3, 1978, as a procedural interlocutory order, set the order of August 3, 1978, aside, and remanded the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

case to the hearing referee for the taking of additional testimony "with participation of defendant East Jordan Iron Works *as the last foundry employer*". (Emphasis in original.)

Plaintiff's application for leave to appeal was subsequently dismissed by this Court on the grounds that the board's order of April 17, 1981, was interlocutory and that this Court has jurisdiction to grant leave to appeal only from final orders of the board. MCL 418.861; MSA 17.237(861). Plaintiff subsequently filed a complaint for superintending control and this Court ordered defendant to show cause why an order of superintending control should not be issued.

Defendant argues that the order of August 3, 1978, was not a final order and that it was therefore not beyond the board's powers to remand the case thereafter for the taking of additional testimony. Defendant relies on GCR 1963, 518.2, which provides that an order which adjudicates the rights and liabilities of fewer than all the parties is not a final order absent an express determination that there is no just reason for delay and an express direction for the entry of judgment. No such express determination or direction was contained in the order of August 3, 1978. However, as plaintiff points out, the general court rules do not apply to workers' compensation proceedings. GCR 1963, 11.

In *Toleikis v Austin,* 197 Mich 333; 163 NW 971 (1917), the Court held that, in a case against three defendants sued jointly, an order dismissing the claim against two of the three defendants was not a final order. In view of *Toleikis,* GCR 1963, 518.2 must be characterized as an expansion rather than a limitation of the class of orders in multiple-defendant litigation which may be regarded as

final. *Toleikis* shows that the order of August 3, 1978, was not a final order.

Nevertheless, our determination that the order of August 3, 1978, was not a final order does not mean that the board had the power to set the order aside. In *Pocs v Buick Motor Co,* 207 Mich 591, 593; 175 NW 125 (1919), the Court pointed out that no provision in the statute or the rules allows a rehearing of a final order. In later cases, however, the Court stated the rule more broadly. In *Letourneau v Davidson,* 218 Mich 334, 339; 188 NW 462 (1922), the Court held that the board had no power to grant a rehearing to review the facts establishing liability as found by the board. On several occasions, the Court's statement of the rule was that the board had no power to grant a rehearing of its determinations. *Panozzo v Ford Motor Co,* 255 Mich 149, 150; 237 NW 369 (1931); *Guss v Ford Motor Co,* 275 Mich 30, 34; 265 NW 515 (1936); *Fitzpatrick v Olds Div of General Motors Corp,* 282 Mich 646, 648; 276 NW 709 (1937). Other cases explain that the rehearing which is prohibited is one which reopens a case for redetermination of the basic facts. *Tulk v Murray Corp of America,* 276 Mich 630, 633; 268 NW 761 (1936); *McLean v Eaton Mfg Co,* 286 Mich 285, 294; 282 NW 150 (1938); *Dean v Great Lakes Casting Co,* 78 Mich App 664, 667; 261 NW2d 34 (1977).

The board's power to rehear an order dismissing some but not all of the employer-defendants was addressed in *Susan v Universal Brewing Equipment Co,* 291 Mich 396, 400; 289 NW 190 (1939), in which the board entered an order dismissing two of the four defendants but subsequently held that the dismissed defendants were liable for payment of compensation. The Court held:

"When the order in question had been entered, the

appeal as to the liability of the two defendants named therein was dismissed, and the department thereby lost jurisdiction to enter thereafter an award against them for payment of compensation."

*Susan* shows that an order dismissing fewer than all of the defendants can be an order which the board has no power to rehear, whether or not such an order is technically "final".

The board has the power to modify its decisions in view of changed circumstances as long as it does not redetermine matters at issue in the original proceedings. *Letourneau, supra; Anderson v Ford Motor Co,* 232 Mich 500, 502-503; 205 NW 588 (1925); *Dyer v McQuistion,* 273 Mich 327, 331; 263 NW 73 (1935); *Adams v C O Barton Co,* 274 Mich 175; 264 NW 333 (1936); *Luteran v Ford Motor Co,* 274 Mich 687, 688; 265 NW 503 (1936); *Wright v Mitchell Bros Co,* 275 Mich 591, 594-595; 267 NW 571 (1936); *Boyich v J A Utley Co,* 306 Mich 625, 633; 11 NW2d 267 (1943). However, we note that the board's opinion of August 3, 1978, found that plaintiff was not a "prior employer" or the "last employer" of Ramirez as those terms are used in the statute. Changed circumstances cannot affect the validity of the board's determination of the nature of the parties' past relationship. Newly discovered evidence will not justify a rehearing. *Luyk v Hertel,* 242 Mich 445, 447; 219 NW 721 (1928). In *Dean, supra,* pp 667-668, the Court held that the board had the power to reinstate an appeal it had dismissed for procedural reasons. Here, in its order of April 17, 1981, the board characterized the order of August 3, 1978, as procedural. However, the board's characterization of its prior actions is not dispositive in this context. *Susan, supra,* p 400. The board's opinion of August 3, 1981, shows that the board decided the merits of

the question before it. The board's order of April 17, 1981, would reopen the case for redetermination of the basic facts and was therefore an order which the board had no jurisdiction to issue.

Defendant also argues that an order of superintending control is inappropriate here because plaintiff has an adequate remedy by application for leave to appeal the board's eventual final order. Defendant relies on GCR 1963, 711, which provides in part:

".1 Scope. A superintending control order enforces the superintending control power of a court over lower courts or tribunals.

".2 Policy Concerning Use. If another adequate remedy is available to the party seeking the order, a complaint for superintending control may not be filed. See GCR 1963, 701.1(b); 711.4(b); 862.5(a).

".3 Writs Superseded. A superintending control order replaces the writs of certiorari and prohibition and the writ of mandamus when directed to a lower court or tribunal.

".4 Jurisdiction.

"(a) The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts and tribunals.

"(b) When an appeal in the Supreme Court, the Court of Appeals, or the circuit court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed."

GCR 1963, 711.4 does not deprive this Court of jurisdiction in this matter. See *In the Matter of Hague,* 412 Mich 532, 546-547; 315 NW2d 524 (1982):

"[T]he catchline heading, 'Jursidiction', cannot be considered as part of the text or an aid in construing the rule. GCR 1963, 15. It is clear from this Court's

opinion in *Cahill v Fifteenth Dist Judge,* 393 Mich 137; 224 NW2d 24 (1974), that availability of an appeal in the individual case does not preclude superintending relief when that procedure does not provide an adequate remedy. Implicit in *Cahill* is the idea that a superior court always has jurisdiction to issue an order of superintending control and that adequacy of the appeal remedy is not a jurisdictional test but merely a procedural requirement to be met before relief can be granted." (Footnote omitted.)

GCR 1963, 711.3 recognizes that superintending control is available where formerly a writ of prohibition would have been appropriate. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 681; 194 NW2d 693 (1972). A writ of prohibition was a proper remedy where a court or tribunal exceeded its jurisdiction. *Hudson v Judge of Superior Court,* 42 Mich 239, 248; 3 NW 850 (1879); *Recorder's Court Judge v Wayne Circuit Judge,* 347 Mich 567, 571; 80 NW2d 481 (1957); *Genesee Prosecutor, supra,* p 681. In 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 73, the authors explain:

"If the applicable statute restricts review in the Court of Appeals or Supreme Court to final determinations of the particular agency, leave to appeal is not an available remedy for agency action prior to final determination. Subrule 806.2(2). If the agency for which review is so restricted by the statute should be proceeding without jurisdciton, or in clear excess of its jurisdiction, or is refusing to institute necessary proceedings, in circumstances which necessitate extraordinary relief, the order of superintending control would be the appropriate remedy in lieu of the former writs of prohibition or mandamus directed to that inferior tribunal. Subrule 711.3."

Defendant relies on *Farmers State Bank of Con-*

*cord v Dep't of Commerce, Financial Institutions Bureau,* 77 Mich App 313; 258 NW2d 496 (1977), in which this Court rejected an argument that the burden of participating in the administrative proceedings rendered an appeal an inadequate remedy. However, in that case the party seeking superintending control argued merely that the administrative proceedings would be futile because its opponent's position was meritless in fact and in law. In *Chrysler Corp v Civil Rights Comm,* 68 Mich App 283, 289; 242 NW2d 556 (1976), the Court held that the delay and expense of participating in the administrative proceedings rendered an appeal an inadequate remedy in a case where the administrative tribunal was acting without authority. The distinction between the arguably erroneous action at issue in *Farmers State Bank* and the action without authority at issue in *Chrysler Corp* is supported by considerations of policy. The orderly administration of the judicial system may, on occasion, require a party to defend against a meritless action, but no such consideration supports requiring a party to participate in proceedings beyond the court's or tribunal's jurisdiction. The board's order of April 17, 1981, was one which it had no jurisdiction to enter. Under the circumstances presented here, we cannot say that an appeal after further proceedings before the bureau would be an adequate remedy.

Order of superintending control granted.