(*a*) See *The People* v. *Fleming*, (*ante, p.* 137.)

---

## THE PEOPLE *vs.* HARRIS.

The place of trial cannot be changed in a criminal case for the convenience of wit-nesses or parties; though it may be where a fair and impartial trial cannot be had in the proper county.

*N. Hill, Jr. & J. C. Spencer*, for the defendant, moved to change the place of trial from the city and county of New-York to the county of Chenango, or some adjoining county.   The defendant was indicted in the city and county of New-York for forging, and for uttering and publishing as genuine; know-ing it to be forged, a bill of exchange purporting to be drawn in the city of New-York by Sidney Smith, who then resided in that city, on the house of Messrs. R. Clark & Co. of the same place, of which house Smith was a member.   The bill was for $30,000, and was payable to Nancy Harris, who was the wife of the defendant, and the sister of Smith : it was dated July 9, 1844, and payable on demand.   The indictment had been removed into this court by *certiorari*.   The defendant swore to eighty-nine material and necessary witnesses residing in Chenango

and the neighboring counties; and to the probability that other witnesses in those counties would be found necessary. One of his witnesses was in a feeble state of health, and could not, it was said, be carried to New-York. Other special circumstances were stated; and the defendant was corroborated by the affidavits of his counsel as to the materiality of the witnesses; and by a physician as to the witness who was sick. The defendant's affidavit also tended to show, that the bill, if a forgery, must have been drawn in the county of Chenango; and that the only offence, if any, which could have been committed in the city of New-York, was that of uttering and publishing the bill in that place, where it was presented for payment.

*Edward Sandford*, on behalf of the people, read affidavits showing that Sidney Smith had been a merchant in the city of New-York for many years prior to his death, which happened soon after the date of the draft; and that there were seventy-nine material and necessary witnesses for the prosecution residing in that city. Special circumstances were stated tending to show that the trial ought to be had in the city of New-York.

The following cases were cited. *Rex* v. *Harris*, (3 *Burr.* 1330; 1 *W. Bl.* 378, *S. C.*) *The King* v. *The Inhab. of St. Mary*, 7 *T. R.* 731;) *The People* v. *Vermilia*, (7 *Cowen*, 108;) *The People* v. *Mather*, (3 *Wend.* 434; *The People* v. *Webb*, (1 *Hill*, 179;) *The People* v. *Bodine*, (7 *id.* 147;) 1 *Chit. C. L.* 177, 494; *Hawk. P. C. b.* 2, *c.* 25, § 35, *Curwood's ed.; * 4 *East*, 210, 11; *Bowman* v. *Ely*, 2 *Wend.* 250; *Messenger* v. *Holmes*, (12 *id.* 203;) 1 *T. R.* 363; 2 *Burr.* 863; 2 *Str.* 874; 2 *R. S.* 733, § 84, 1. Several cases which have not been reported were mentioned, where this court had changed the place of trial upon indictments. *The People* v. *Rector*, from Albany to Saratoga. *The People* v. *Bodine*, from Richmond to New-York; and from the latter county to Orange. *The People* v. *Biegler*, from Monroe to Genesee.

*By the Court*, BRONSON, Ch. J. Crimes, as to the place of accusation and trial, are local. The public prosecutor must

The People *v.* Harris.

show an offence committed in the county where the indictment was found, or the accused will be entitled to an acquittal. The venue is never changed: but when the indictment has been removed into this court, we can, in a proper case, allow a suggestion to be made on the record, and order the trial to be had in a different county from that in which the indictment was found. The statute says this may be done in "special cases;" but it does not specify what those cases are. (2 *R. S.* 733, § 1.) We must look, therefore, to the established practice of the courts on this subject; which is, to allow a suggestion, and make an order, when it clearly appears, that a fair and impartial trial cannot be had in the county where the indictment was found. The convenience of the prosecutor, the accused, or the witnesses, has never been allowed, either here or in England, as a ground for changing the place of trial in a criminal case; and we do not feel ourselves at liberty to make such a precedent. The statute has not introduced a new rule. The practice has been the same since 1830, that it was before that time.

If this were a civil suit, it would not be a very strong case for a change of venue. The number of witnesses mentioned in the affidavits on the part of the prosecution is nearly equal to the number mentioned by the defendant; and from the nature of the case it is highly probable that there are more material and necessary witnesses in New-York than there are in Chenango and the adjoining counties. Mr. Smith, whose name is said to have been forged, is dead; and the principal question on the trial will be upon his hand-writing. That must be better known in New-York, where he resided and did business for many years immediately preceding his death, than it can be in Chenango, where he had not resided, and had only visited occasionally, since the time of his boyhood. But we put the decision upon the broader ground, that the place of trial cannot be changed in a criminal case, for the convenience of either witnesses or parties: and there is no reason to suppose that a fair and impartial trial cannot be had in the city and county of New-York.

Motion denied.