## HUDLEY v. THE STATE.

1. CRIMINAL PRACTICE: *Change of venue before arraignment.*
   It is the better practice to arraign the defendant and require him to plead to the indictment before making an order for a change of venue; but where the defendant applies for the change and has the benefit of arraignment in the county to which the cause is transferred, he has no right to complain that the change was made before his arraignment.

2. CHANGE OF VENUE: *Authentication of transcript.*
   When an order for a change of venue in a criminal case is made, the clerk should send a transcript of the record and proceedings in the cause to the court to which it is changed, duly certified, under the seal of his court. A trial and conviction upon a transcript not authenticated by the seal, is invalid, and the invalidity can not be cured by the clerk's attaching his official seal to the certificate by leave of the court, after the trial and judgment.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*C. B. Moore, Attorney General*, for appellee:

Plea before change of venue not essential. *Harman v. The State*, 11 *Ind.*, 312.

He submitted to the court, whether the want of the seal of the clerk of Desha to the transcript, vitiated the proceedings, or whether it could be, and was, properly supplied afterwards.

ENGLISH, C. J. At the March term, 1880, of the circuit court of Desha county, Charles Hudley was indicted for murder in the first degree; the indictment charging, in the usual form, that he murdered Abraham Maxwell by shooting him with a double-barrel shotgun.

The defendant was arrested on capias, and on his motion the case was continued to the second day of the next term, and the clerk was ordered to serve him with a copy of the indictment.

At the September term, 1880, on the application of the prisoner, and before arraignment, the court made an order changing the venue to the circuit court of Jefferson county; and the clerk made out and transmitted to the clerk of that court a transcript of the record, etc., which was authenticated by the usual certificate and his signature, but not by his official seal.

At the November term, 1880, of the Jefferson circuit court (the fifteenth of November, and seventh day of the term), the prisoner was arraigned; pleaded not guilty; was tried by a jury, and found guilty of murder in the first degree.

He filed a motion for a new trial, on grounds not material to be stated, which the court overruled.

He also filed a motion in arrest of judgment, on the ground that the order for change of venue from the Desha

to the Jefferson circuit court was made before he was arraigned, and the motion was overruled.

On the twenty-third of November he was sentenced to be executed the seventh of January, 1881; took a bill of exceptions, and prayed an appeal.

On the fifth of January, 1881, the appeal was allowed by one of the judges of this court, and the transcript filed with the clerk of this court on the next day.

On the eighth of January, 1881, an entry was made in the circuit court of Jefferson county, as follows:

" STATE OF ARKANSAS, &rbrace;
            v.
  CHARLES HUDLEY. &rbrace;

" Now, on this day, comes the defendant, Charles Hudley, in person, in the custody of the sheriff, and by attorney, and the state by her attorney, and leave having been given the attorney of the state to withdraw the transcript from Desha county for the purpose of amending the certificate of the clerk, by attaching his seal thereto; and now, on this day, the clerk of Desha county asks leave to amend his transcript heretofore filed in this cause, by attaching his seal to the certificate thereto, to which the defendant objected; which objections were overruled, and the clerk is permitted to amend; which is done by attaching his seal of office to the certificate; to which defendant excepted; and the clerk of this court is ordered to certify this order and the certificate, as amended, to the supreme court, as part of the record in this cause."

On the twenty-sixth of January, 1881, on the suggestion of the attorney general, the clerk of this court issued a *certiorari* to the clerk of the circuit court of Jefferson county, upon which was returned a transcript of the certificate of the clerk of Desha, as amended, and of the above entry permitting the amendment to be made.

1. CRIMINAL
PRACTICE:

Change
of   venue
before   ar-
raignment.

I. It has been said to be a safe and judicious practice to require the plea of not guilty to be given in before the change of venue is awarded.    *1 Bishop Crim. Pro., sec. 74,* citing *Gardner v. The People, 3 Scam., 83.*

Doubtless it is the better practice to arraign the defendant, and require him to plead to the indictment, before the order changing the venue is made, because it might turn out in the court to which the venue is changed, that the indictment might be quashed on plea in abatement, motion or demurrer, and the public would be at the expense and delay of remanding the defendant to the county where the offense was committed, for a new indictment, etc.

In this case, the venue was changed, on the application of the prisoner, before arraignment, and he was not prejudiced thereby, because he had the benefit of arraignment and plea of not guilty, in the circuit court of Jefferson county, before trial.

2. ————:

Change
of   venue:

Transcript
must be au-
thenticated
by   seal   of
court.

II. When an order for change of venue is made in a criminal case, it is the duty of the clerk to make out a full transcript of the record and proceedings in the cause, etc., and transmit the same, duly certified, under the seal of the court, to the clerk of the court to which the removal of the cause is ordered.    *Gantt's Digest, sec. 1877.*

In cases brought into this court, on writ of error or appeal, the court has refused to take cognizance of them where the transcripts were not authenticated by the seal of the circuit court.    *Heard et al. v. Lowry, 5 Ark., 474; Wells v. Long, 6 ib., 252.*

Where, on change of venue in a civil case, the transcript was not authenticated by the seal of the court from which the cause was removed, it was held that the court to which it was removed had no jurisdiction to try the cause on such transcript.    That the judge in vacation, or court in term, might, by mandamus, compel the clerk to make out and

transmit a properly authenticated transcript, which should be done before the cause was tried, and that the order changing the venue gave jurisdiction for that purpose. *Stone v. Robinson, 9 Ark., 469.*

Such being the law in a civil case, it should be so ruled, for greater reason, in a criminal case involving human life.

*Omission of seal not cured by amendment after trial.*

III. The trial being invalid upon such a transcript, the court could not cure its invalidity by permitting the Desha clerk to affix the seal of the Desha court to his certificate of authentication, after trial, verdict and judgment.

IV. The clerk of Desha, it seems, appeared in the Jefferson circuit court, with the seal of his office, and affixed it to his certificate of authentication, thus doing an official act without the territorial limits of his county. Whether this was a valid act, and perfected the authentication of the transcript, so that the prisoner might thereafter be legally tried thereon, is not a question before us on this appeal, as the prisoner is yet to be tried again. It would be safer, however, and free the case from doubt, for the court below or the judge in vacation, on the application of the prosecuting attorney, to compel the clerk of the circuit court of Desha county, by mandamus, to make out and transmit to the clerk of the circuit court of Jefferson county, under the order changing the venue, a full transcript of the record and proceedings, etc., duly certified under the seal of the court, etc., as required by the statutes.

The judgment of the court below must be reversed, and the cause remanded, with instructions to the court to cause the prisoner to be arraigned and tried anew, upon a duly authenticated transcript of the record and proceedings of the circuit court of Desha county, in the cause.