## BRESNAHAN *v.* CASS CIRCUIT JUDGE.

1. Mandamus—Application—Jurisdiction—Demand for Relief.
   Where a mandamus to require the circuit court to set aside an order was fully briefed and orally presented upon the merits, and the public interest required that the question presented be disposed of, the court considered the merits, notwithstanding the practice was irregular in that no motion had been made in the circuit court to vacate the order complained of.

2. Venue—Change—Application—Prematurity—Cause Not at Issue.
   Under Act No. 161, Pub. Acts 1907, application for change of venue is premature before issue joined.

Mandamus by Thomas J. Bresnahan, prosecuting attorney, to compel Walter H. North, acting circuit judge of Cass county, to set aside an order granting a change of venue. Submitted October 6, 1908. (Calendar No. 22,942.) Writ granted November 2, 1908.

*Thomas J. Bresnahan* (*John E. Bird*, Attorney General, and *Thomas Ambrose Lawler*, Assistant Attorney General, of counsel), in pro. per.

*James H. Kinnane* and *Dallas Boudeman* (*Pierce & Kinnane*, of counsel), for respondent.

Montgomery, J. This is an application for a mandamus requiring the respondent to set aside an order directing a change of venue in the case of People *v.* Frank W. Lyle and Ira B. Gage, based upon two counts: *First*, that the order was prematurely made, it having been entered before the case was at issue; and, *second*, upon the ground that there was an abuse of discretion in awarding the change of venue.

A preliminary question is raised by the respondent, namely, that no motion was regularly entered asking the

judge to vacate the order which he had entered for a change of venue. The practice was not followed in this respect, but as the case is fully briefed and orally presented upon the merits, and public interest requires that the question be disposed of, we think the rights of all parties will be better subserved by a consideration of the merits. Were the case to turn upon the question of discretion, we should not be disposed to disturb the holding of the circuit judge, as there was ample showing of prejudice, and, while opposing affidavits in large numbers were filed, we cannot say that there was not abundant ground for the circuit judge to act upon.

The principal question is whether it was proper to enter the order before the cause was at issue. The statute, as amended in 1907 (Act No. 161, Pub. Acts 1907), reads in part as follows:

"Each of the said courts, upon good cause shown, may change the venue in any cause pending therein, and direct the issue to be tried in the circuit court of another county, and make all necessary rules and orders for the certifying and removing such cause, and all matters relating thereto, to the court in which such issue shall be ordered to be tried, and the court to which such cause shall be so removed shall proceed to hear, try and determine the same."

This statute plainly imports that what is to be transferred from one county to another is a case at issue, as it refers to the court to which the case is transferred as the court in which such issue shall be ordered to be tried, and the duty of that court to which the cause is transferred is defined, namely, to proceed to hear, try, and determine the same. There is abundant reason for this. The ground of the application for a change of venue of the present case is the claim that it would be impossible to secure a jury. Unless an issue of fact is made, no jury will be called upon to act in the case. Hence no necessity for a change of venue.

Cases are not numerous in which this question has

arisen; but, so far as our examination extends, the authorities are uniform that the application for a change of venue must be made after issue has been joined. See 12 Cyc. p. 247; *State* v. *Haywood*, 94 N. C. 847; *People* v. *McCraney*, 21 How. Prac. (N. Y.) 149; *State* v. *Addison*, 2 S. C. 356.

The order for a change of venue should be set aside.

Ostrander, Hooker, Moore, and McAlvay, JJ., concurred.