STATE (AMBROSE L. CAMPBELL) *vs.* WILLIAM A. BURNS.
STATE (HOWARD H. REX) *vs.* SAME.

DECEMBER 7, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These are two petitions for certiorari to review the action of a justice of the superior court denying defendant's petition in each case for a change of venue under general laws 1938, chapter 496, §21. The defendant stands charged with assault on Ambrose L. Campbell in one case and on Howard H. Rex in the other, hereinafter called the Campbell case and the Rex case respectively. The writs were issued and the pertinent records were duly certified to this court.

It appears in evidence that the defendant is a captain of police of the city of Pawtucket and that the alleged assaults were committed by him at voting places in that city on November 7, 1950 when the last general election was held in this state. The warrants were issued by the district court of the tenth judicial district, the jurisdiction of which is limited to the city of Pawtucket. Following separate trials in that court defendant was found guilty in the Campbell case on December 4, 1950 and in the Rex case on December 6, 1950, whereupon he appealed each case to the superior court. Thereafter the Rex case was assigned for trial by jury on May 21, 1951, but the Campbell case remained unassigned. The two petitions for a change of venue were filed by the defendant May 17, 1951.

In so far as pertinent, G. L. 1938, chap. 496, §21, provides that whenever it shall be made to appear "to the satisfac-

tion of the superior court" that by reason of local prejudice a party in any proceeding, civil or criminal, cannot have a full, fair and impartial "trial" in the court "for the county" where the same shall be pending, the court shall order such cause to be removed for trial to such other county as shall be deemed most fair and equitable for the parties. Following a full hearing on the merits each petition was denied and dismissed. The only question before us is whether the superior court abused its discretion in refusing to grant a change of venue.

The obvious purpose of the statute is to protect a party from prejudice in a trial by jury. It is clear to us that unless a case is actually or about to be assigned for trial the question of prejudice is premature, as any case may be terminated without a trial by jury in a number of different ways. Furthermore, by G. L. 1938, chap. 625, §71, a person charged with a criminal offense may elect to be tried by a justice of the superior court sitting without a jury, in which case the question of prejudice cannot arise. In view of such possibilities it is our judgment that in the Campbell case, which was dormant when defendant filed a petition for a change of venue, such petition was plainly beyond the purpose and intent of G. L. 1938, chap. 496, §21. The writ of certiorari in that case is therefore quashed.

The situation in the Rex case, which had been assigned for trial by jury, is quite different. In that case no question was raised either as to the propriety or timeliness of defendant's petition. There the matter in issue between the parties on such petition was one of fact, the burden of proof resting on the defendant. In the circumstances it was incumbent upon him to establish by reasonably clear and convincing evidence that because of prejudice in the *county* in which the case was commenced he could not have a fair trial. *State* v. *Sisson*, 58 R. I. 200, 202.

With the exception of some indefinite testimony of his own and of one other witness, defendant relied almost

entirely on seventeen newspaper accounts to establish prejudice. Eleven of such accounts appeared in a local newspaper of the city of Pawtucket with a circulation substantially limited to that city and immediate vicinity, while the remaining six accounts appeared in newspapers of wide and general circulation in the state. With one exception such accounts were published between November 7 and December 7, 1950, and they all referred exclusively to the circumstances of the alleged assault and to the proceedings in connection therewith in the district court. The exception just above mentioned, under date of May 19, 1951, was an article in the Pawtucket newspaper asking how the people of Providence county would react to a "Shift In Capt. Burns Trial."

The defendant contends that the newspaper accounts and query so prejudiced the public mind against him that he would be unable to have a fair trial from a jury in Providence county. In this state a criminal case is ordinarily tried to a jury drawn from qualified persons residing in the various cities and towns of the county in which the alleged crime was committed. There are five cities and eleven towns in Providence county. Conceding that the city of Pawtucket is an important unit of the county it by no means follows, in the absence of competent evidence, that the sentiments and feelings of the residents of Pawtucket in a purely local matter permeated the entire county, which greatly exceeds that city in area and population.

Generally speaking, under our statute a change of venue is unjustified unless it reasonably appears that because of substantial incidents and newspaper accounts public opinion has been so molded to the prejudice of a defendant that he cannot have a fair trial from the residents of the county in which the alleged offense is to be tried. It is true, as defendant argues, that there will be jurors from Pawtucket on a general panel but they constitute a minor

portion thereof and if it is deemed advisable they may be eliminated, by challenge either peremptory or for cause, from sitting on a jury at the trial.

The weakness of defendant's position in the instant case is twofold. First, if there was any prejudice it arises from an incident of interest mainly to the residents of Pawtucket and not shown to be of real concern to nonresidents of that city; and secondly, whether or not such a condition existed immediately following the occurrence in question in November 1950 and for some appreciable time thereafter, there is no evidence in the record before us tending to show that prejudice exists at the present time. It is therefore our opinion that the defendant can now receive a fair trial in Providence county.

The petition for certiorari in each case is denied, the writs heretofore issued are quashed, and the pertinent records and papers in each case certified pursuant thereto are ordered sent back to the superior court.

*John A. O'Neill,* for State (Campbell, Complainant).
*William R. Goldberg,* for State (Rex, Complainant).
*James F. McCoy,* for defendant.