*In re* ATTORNEY GENERAL

Docket No. 67560. Submitted July 20, 1983, at Lansing.—Decided September 27, 1983.

The Attorney General of Michigan in the name of the people of the State of Michigan filed a criminal complaint in District Court 54A in Ingham County charging James Jackson, D.O. and James Jackson, D.O., P.C. (hereinafter defendants) with 55 counts of filing false Medicaid claims. Subsequent to arraignment but prior to a preliminary examination, defendants moved in District Court 54A for a change of venue to the 60th District Court in Muskegon County on the basis of economic hardship and inconvenience to defendants, their patients and their witnesses because defendants, their patients and their witnesses were all located in Muskegon County. District Court 54A, William E. Collette, J., granted defendants' motion for a change of venue. The Attorney General filed a complaint for superintending control in Ingham Circuit Court, seeking to have the order changing venue set aside. The Ingham Circuit Court, Thomas L. Brown, J., granted the order of superintending control and set aside the order changing venue to the 60th District Court. Defendants appeal from the order of superintending control. *Held:*

1. While the statute relative to change of venue in a criminal case speaks of "courts of record", which would include district courts, it is clear from the statute that it applies only to the circuit court in felony cases. A district court does not have authority to grant a change of venue before the preliminary examination in a felony case has been held. Since the district

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 111 *et seq.*
  21 Am Jur 2d, Criminal Law § 382.
[2] 21 Am Jur 2d, Criminal Law § 362.
[3] 21 Am Jur 2d, Criminal Law § 403.
  77 Am Jur 2d, Venue § 64.
  Construction and effect of statutory provision for change of venue for the promotion of the convenience of witnesses and the ends of justice. 74 ALR2d 16.

court exceeded its authority, the order of superintending control was proper.

2. The criminal venue statute does not permit changes of venue for the convenience of the parties. A court's discretion to change venue in criminal cases extends only to changes in venue in order to insure a fair and impartial trial.

Affirmed.

1. VENUE — CRIMINAL LAW — DISTRICT COURT — SUPERINTENDING CONTROL.

A district court is without authority to grant a motion for a change of venue in a criminal case before the preliminary examination is held in that case; where a district court exceeds its authority and grants a change of venue before the preliminary examination has been held an order of superintending control by a circuit court is proper (MCL 762.7; MSA 28.850).

2. VENUE — MEDICAID FRAUD — CRIMINAL LAW.

Proper venue for the bringing of criminal charges for the false, fictitious or fraudulent making, presenting or causing the making or presenting of Medicaid claims may be either in Ingham County or in the county in which the false, fictitious or fraudulent claim is made, presented or caused to be made or presented (MCL 400.611, 762.8; MSA 16.614[11], 28.851).

3. VENUE — GOOD CAUSE — CRIMINAL LAW — FAIR TRIAL — CONVENIENCE TO PARTIES AND WITNESSES.

"Good cause" as used in the statute relating to change of venue in criminal cases relates only to the ability to obtain a fair trial in the county in which the action is brought; while a circuit court has discretion to decide motions for change of venue, that discretion, as a matter of law, does not extend to the granting of a change of venue in a criminal case for the convenience of the parties and witnesses (MCL 762.7; MSA 28.850).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edwin M. Bladen, Gary L. Finkbeiner* and *William E. Molner,* Assistants Attorney General, for the Attorney General.

*O'Toole, Stevens, Johnson, Knowlton, Potter & Rolf* (by *Thomas J. O'Toole),* for James Jackson, D.O., and James Jackson, D.O., P.C.

Before: Beasley, P.J., and Allen and G. R. De-
neweth,* JJ.

Allen, J. James Jackson, D.O., and James Jack-
son D.O., P.C. (hereinafter defendants), appeal as
of right from an order of superintending control,
entered by the Ingham Circuit Court on October
12, 1982, dissolving the district court's order of
August 6, 1982, changing venue from Ingham
County to Muskegon County. We affirm the circuit
court order.

On May 3, 1982, a criminal complaint was is-
sued in Ingham County against defendants charg-
ing them with 55 counts of filing false Medicaid
claims, contrary to MCL 400.607; MSA 16.614(7).
On June 10, 1982, subsequent to the arraignment
in district court, defendants moved for change of
venue to Muskegon County, alleging that: (1) all of
the Medicaid recipients as to whom they were
alleged to have filed false claims and all of the
witnesses whom defendants would call in their
defense resided in Muskegon County, (2) all of the
alleged criminal acts took place in Muskegon
County, (3) defendants' offices and practice were in
Muskegon County, and (4) should defendants be
required to defend the action in Ingham County,
their patients would be deprived of medical care
during the individual defendant's absence and de-
fendants would suffer economic hardship. Defen-
dants' motion for change of venue from the district
court in Ingham County to the district court in
Muskegon County was granted by District Court
54A in an order dated August 6, 1982.

The Attorney General subsequently filed in Ing-
ham Circuit Court a complaint for superintending
control or, in the alternative, a motion for leave to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appeal, requesting that the district court's order changing venue be vacated. The circuit court granted the requested relief in an order of superintending control entered October 12, 1982.

The first issue we must address is whether a district court may issue an order changing venue in a felony case.

MCL 762.7; MSA 28.850 provides in part:

"Each court of record having jurisdiction of criminal cases upon good cause shown by either party may change the venue in any cause pending therein, and direct the issue to be tried in the circuit court of another county, and make all necessary rules and orders for the certifying and removing such cause, and all matters relating thereto, to the court in which such issue shall be ordered to be tried, and the court to which such cause shall be so removed shall proceed to hear, try and determine the same, and execution may thereupon be had in the same manner as if the same had been prosecuted in the court having original jurisdiction of such cause * * *."

While district courts are courts of record, MCL 600.8101; MSA 27A.8101, we believe that the statute applies only to circuit courts in felony cases. The statute speaks of changing venue in a "cause pending" and of "direct[ing] the issue to be tried in the circuit court of another county". The terms "trial", "circuit courts" and "issue to be tried" are used throughout the statute.

In *Bresnahan v Cass Circuit Judge,* 154 Mich 491, 492; 117 NW 1053 (1908), the Michigan Supreme Court concluded that, based upon similar language of a predecessor statute, an order changing venue before the cause was at issue, *i.e.,* before the preliminary examination, was premature, stating:

"This statute plainly imports that what is to be transferred from one county to another is a case at issue, as it refers to the court to which the case is transferred as the court in which such issue shall be ordered to be tried, and the duty of that court to which the cause is transferred is defined, namely, to proceed to hear, try, and determine the same. There is abundant reason for this. The ground of the application for a change of venue of the present case is the claim that it would be impossible to secure a jury. Unless an issue of fact is made, no jury will be called upon to act in the case. Hence no necessity for a change of venue."

We note that other jurisdictions have reached the same conclusion concerning their criminal venue provisions. See *Hudley v State,* 36 Ark 237, 240 (1880); *Ex Parte Livingston,* 116 Fla 640; 156 So 612 (1939); *State v Burns,* 79 RI 130; 84 A2d 801 (1951); 22 CJS, Criminal Law, § 202, p 533.

The district court was without authority to grant a motion for change of venue before the preliminary examination was held in this case. The circuit court's order of superintending control was proper based upon the lower court's having exceeded its powers. *East Jordan Iron Works v Workers' Compensation Appeal Board,* 124 Mich App 324; 335 NW2d 23 (1983).

While we affirm the circuit court, we find it necessary to address the power of the circuit court to change venue due to the convenience of the parties, since this issue is likely to arise if defendants are bound over to circuit court for trial.

Venue in this case would be proper either in Muskegon County or Ingham County. See MCL 400.611; MSA 16.614(11) and MCL 762.8; MSA 28.851. The prosecution's discretion in choosing which county to bring the action, however, is not inviolate. Venue may be changed by the circuit

court for "good cause shown" by either party under MCL 762.7; MSA 28.850.

No definition of "good cause" is contained in the statute. It appears from case law that generally the focus is on whether the defendant, or the people where the motion is brought by the prosecution, can secure a fair and impartial trial in the jurisdiction where the action is brought. See, generally, 8 Michigan Law & Practice, Criminal Law, § 36, p 113; 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), §§ 74-80, pp 140-146.

We could locate no Michigan authority which specifically addresses whether "good cause" may include the convenience of the parties or the witnesses. Mention was made in the case of *People v Rich,* 237 Mich 481, 486; 212 NW 105 (1927), that the prosecution's allegation that a fair and impartial trial could not be obtained in the county where the action was brought without great expense to the taxpayers was insufficient, standing alone, to justify a change of venue. We note that GCR 1963, 403, which states that venue may be changed for the convenience of the parties or witnesses, applies only to civil cases.

We give no weight to the dicta in *People v Lee,* 334 Mich 217; 54 NW2d 305 (1952), relied upon by defendants.[1] In that case, the Court indicated some willingness to entertain a claim *following trial* that the venue had deprived the defendants of due process rights, including the rights to compel the

---

[1] In holding that the defendants were properly prosecuted in Wayne County, where elements of the crime charged occurred in both Wayne and Livingston Counties, the Court stated:

"Further, the defendants in this case were prosecuted in the city of Detroit where they lived. It is not shown that they were put to disadvantage in procuring witnesses or attending the trial in Detroit as compared with a trial in Livingston county. There was no want of due process occasioned by the bringing of the prosecution in Detroit." 334 Mich 226-227.

attendance of witnesses and to confront witnesses. Here, defendants make no claims that venue in Ingham County will deprive them of these constitutional rights; rather the allegations contained in defendants' motion for change of venue concern the convenience of defendants and their witnesses.

In *People v Peterson,* 93 Mich 27, 30; 52 NW 1039 (1892), the Michigan Supreme Court held that a predecessor statute, How Stat 6468, identical in substance to MCL 762.6, was merely declaratory of the common-law power to change venue vested in the circuit courts. Case law from other jurisdictions, which is cited by the Attorney General, indicates that common law did not permit a change of venue for the convenience of the parties or witnesses.

In *People v Harris,* 4 Denio 150, 152 (S Ct NY, 1847), the Court specifically addressed this issue, holding:

"The statute says this [change of venue] may be done in 'special cases;' but it does not specify what those cases are. (2 RS 733, § 1.) We must look, therefore, to the established practice of the courts on this subject; which is, to allow a suggestion, and make an order, when it clearly appears, that a fair and impartial trial cannot be had in the county where the indictment was found. *The convenience of the prosecutor, the accused, or the witnesses, has never been allowed, either here or in England, as a ground of changing the place of trial in a criminal case; and we do not feel ourselves at liberty to make such a precedent. The statute has not introduced a new rule, the practice has been the same sine 1830, that it was before that time."* (Emphasis supplied.)

The Court's statement in *Seaton v State (On Rehearing),* 115 Tex Crim 175, 176; 29 SW2d 375

(1930), also indicates that, under common law, the only basis for change of venue in a criminal case is the inability to obtain a fair and impartial trial:

"Venue is not subject to change upon the ground of convenience to witnesses or parties, nor to suit their pleasure; the object of same is to remove a trial from a situation inimical to a fair trial to all parties, and to remove same to another place where such condition does not exist."

Finally, the courts of West Virginia have held that that state's constitution and statute, which permit change of venue upon petition by the defendant for "good cause shown", concerned the defendant's ability to obtain a fair trial in the county where the offense occurred. *State v Wilson,* 157 W Va 566; 202 SE2d 828 (1974); *State v Pratt,* 244 SE2d 227, 230 (W Va, 1978).

We are persuaded by the above-cited authorities that "good cause" in MCL 762.7 concerns the ability to obtain a fair trial in the county where the action is brought. No Michigan authority has ever included the convenience of witnesses and parties as a valid ground for changing venue. While the circuit court has discretion to decide motions for change of venue, such discretion must be exercised in accordance with established principles of law. *People v Gage,* 188 Mich 635, 641-642; 155 NW 464 (1915). We hold that, in criminal cases, as a matter of law, convenience to parties and witnesses is not within the meaning of the statute.

The circuit court order vacating the district court order changing venue is affirmed. The matter is remanded to the district court for further proceedings.