MICHIGAN SELF-INSURERS' ASSOCIATION v BUREAU OF
WORKMEN'S COMPENSATION

WORKMEN'S COMPENSATION—EMPLOYER'S RIGHT TO APPEAL—RESTRIC-
TIONS—REIMBURSEMENT—APPEAL AND ERROR—CONSTITUTIONAL
LAW—STATUTES.

   After an award of compensation to a workmen's compensation
   claimant has been reversed on appeal, a workmen's compensa-
   tion statute places no restrictions on an employer's or an
   insurance carrier's right to reimbursement of money paid to
   the claimant, therefore the statute is not unconstitutional as a
   denial of the right to appeal the decisions of an administrative
   agency (Const 1963, art 6, § 28, MCLA 418.862; MSA
   17.237[862]).

Appeal from Ingham, James T. Kallman, J.
Submitted May 7, 1976, at Detroit. (Docket No.
26914.) Decided August 5, 1976. Leave to appeal
granted, 397 Mich 859.

Complaint by Michigan Self-Insurers' Associa-
tion against the State of Michigan, Bureau of
Workmen's Compensation, Workmen's Compensa-
tion Appeal Board, and the Second Injury Fund
seeking a judgment declaring a workmen's com-
pensation statute unconstitutional and injunctive
relief to prevent the enforcement of the statute.
Summary judgment for plaintiff. Defendants ap-
peal. Reversed and injunction dissolved.

*Honigman, Miller, Schwartz and Cohn* (by *Rob-
ert A. Fineman* and *Stanley Siegel),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 613 *et seq.*

*Derengoski,* Solicitor General, and *E. J. Setlock,* Assistant Attorney General, for defendants.

Amicus Curiae: *Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for Michigan AFL-CIO.

Before: T. M. BURNS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

T. M. BURNS, P. J. Defendants appeal as of right from the December 8, 1975, order of the Ingham County Circuit Court granting a summary judgment in favor of the plaintiff and declaring unconstitutional 1975 PA 34; MCLA 418.862; MSA 17.237(862), and permanently enjoining enforcement of the act by the defendants.

This Court's opinion in *Turner v General Motors,* 70 Mich App 532; 246 NW2d 631 (1976), answers the meritorious issues raised by the parties to this appeal.

The trial court found that 1975 PA 34 violated Const 1963, art 6, § 28, by denying plaintiff's right to appeal from administrative action. The court based its decision on its reading of 1975 PA 34 as denying the plaintiff the right of reimbursement when a workmen's compensation award is reversed on appeal. The court found that 1975 PA 34 gives an employee an absolute right to payments regardless of the outcome of any appeal taken.

We must read 1975 PA 34 in light of the constitutional right to appeal decisions and findings of any administrative officer or agency. In preserving the constitutionality of 1975 PA 34, we find in it no restriction of the employer's or carrier's right to reimbursement from the employee-claimant of moneys paid under an award reversed on appeal.

So construed the act is not invalid under Const
1963, art 6, § 28. Accordingly, the judgment of the
trial court is reversed and the injunction is hereby
dissolved. No costs.