PEOPLE v ULYSEE GIBSON

1. CRIMINAL LAW—STATUTES—EFFECTIVE DATE—VOID PROSECUTION—
   APPEAL AND ERROR.
   A prosecution based on a statute not yet in effect at the time the
   · charged offense was committed is entirely void and of no effect,
   and it is error to prosecute under such a statute despite the
   lack of objection by the defendant at trial.

2. CRIMINAL LAW—STATUTES—REPEAL OF STATUTES—EFFECTIVE DATE—
   SAVING CLAUSE.
   The repeal of a criminal statute operates from the moment it takes
   effect to defeat all pending prosecutions under the statute which
   has been repealed where there is no saving clause in the repealing
   act.

3. CRIMINAL LAW—STATUTES—REPEAL OF STATUTES—SAVING CLAUSE—
   DATE OF REPEAL—SUBSEQUENT PROSECUTIONS—PRIOR ACTS.
   A saving clause in an act which repealed an earlier sex offense
   statute, which specifically states that not only are all pending
   proceedings saved but also that all rights and liabilities exist-
   ing, acquired, or incurred at the time the repeal takes effect are
   saved and may be consummated according to the law in force
   when proceedings are commenced, does permit prosecutions to
   be brought after the repeal date of the statute for crimes
   covered by the repealed statute, committed prior to the repeal
   date (MCLA 750.336, 750.520a *et seq.;* MSA 28.568, 28.788[1] *et
   seq.*).

Appeal from Cass, James E. Hoff, J. Submitted
June 4, 1976, at Grand Rapids. (Docket No. 26102.)
Decided September 8, 1976.

Ulysee Gibson was convicted of second-degree

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 413 *et seq.*
   21 Am Jur 2d, Criminal Law § 10.
[2, 3] 73 Am Jur 2d, Statutes § 418 *et seq.*

criminal sexual conduct. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael E. Dodge,* Prosecuting Attorney, for the people.

*Philip B. Harrison,* for defendant.

Before: DANHOF, C. J., and D. E. HOLBROOK and D. L. MUNRO,* JJ.

D. E. HOLBROOK, J. Defendant was convicted of criminal sexual conduct in the second degree, MCLA 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant's conviction stemmed from an incident occurring on March 22, 1975, involving defendant and an 11-year-old boy. There is no reason to go into the facts as they are irrelevant for purposes of this decision. On April 3, 1975, a warrant and information were filed charging the defendant with indecent liberties with a minor, contrary to MCLA 750.336; MSA 28.568. A preliminary examination was held on the charge on April 29, 1975, and the defendant was bound over to circuit court to appear on May 9, 1975. At the conclusion of the preliminary exam, defendant objected, maintaining that the charge was improper; that § 750.336 had been repealed by the enactment of the new act, MCLA 750.520a to 750.5201; MSA 28.788(1) to 28.788(12), and that the saving clause of the new act, 1974 PA 266, § 2, as it pertained to the former act, did not apply to this action. Defendant's objection was overruled and he was bound over for trial. On May 9, 1975, an arraignment was held

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pursuant to an information filed the same day[1] by the Cass County Prosecutor alleging a violation of MCLA 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant stood mute to the charge and then moved to have the case remanded to the district court for a preliminary examination on the "new" charge alleged in the information. Defendant's motion was denied by the trial judge without prejudice for the defendant to file a motion to quash on the grounds the preliminary examination did not support the charge brought in the information. Apparently this was not done by defendant. Defendant was tried and convicted.

Defendant was originally charged with MCLA 750.336; MSA 28.568, indecent liberties with a child under 16 years. This offense was punishable by imprisonment in the state prison for not more than ten years. This section was repealed by 1974 PA 266, § 3, effective April 1, 1975. [2] Apparently, the prosecution determined that defendant was not chargeable with that offense and defendant was subsequently charged with the violation of the new act, MCLA 750.520c(1)(a); MSA 28.788(3)(1)(a), second-degree criminal sexual conduct, which is punishable by not more than 15 years imprisonment. Defendant was tried and convicted and sentenced to 2 to 15 years imprisonment. It is important to note that the original charge carried a lesser penalty. Also, there was no preliminary examination on the "new" charge.

No prosecution was permissible under the new criminal sexual conduct provisions.[3] Its effective

---

[1] Apparently there was also an information filed on April 29, 1975, also alleging a violation of MCLA 750.520c(1)(a); MSA 28.788(3)(1)(a).

[2] Originally the effective date was to be November 1, 1974, as provided by the act. However, it was not ordered to take immediate effect. The general effective date of 1974 acts is April 1, 1975. Const 1963, art 4, § 27.

[3] Prosecution apparently concedes in his supplementary brief that

date was April 1, 1975. The conduct which was the subject of this prosecution occurred on March 22, 1975. Therefore, prosecution based on a statute not yet in effect is entirely void and of no effect. See *People v Dickerson,* 17 Mich App 201; 169 NW2d 336 (1969). Therefore, regardless of no objection at trial, this is reversible error.

The question thus becomes whether defendant could have been tried on the "old" offense by virtue of the saving provision in the new statute.

In the absence of a saving clause, the repeal of a criminal statute operates from the moment it takes effect, to defeat all pending prosecutions under the repealed statute. *People v Lowell,* 250 Mich 349, 353; 230 NW 202 (1930). In *People v Scott,* 251 Mich 640; 232 NW 349 (1930), similar circumstances existed. Defendant was complained against and arrested in 1929 and charged with having, on September 20, 1926, wilfully and maliciously burned a dwelling house. When the offense was alleged to have been committed, §§ 15281 to 15286, 3 CL 1915, inclusive, were in force. 1927 PA 38 repealed these sections of CL 1915, but saved "any proceedings pending under any act herein repealed". No proceedings were pending against defendant on the effective date of 1927 PA 38. The Court held:

prosecution under this statute was improper. The new criminal sexual conduct provisions MCLA 750.520a through 750.5201; MSA 28.788(1) through 28.788(12), are apparently designed to provide for all criminal sexual offenses. It classifies and defines criminal sexual conduct. It also answers much of the criticism on admissibility of evidence of the victim's past sexual conduct, deals with the issue of a victim's resistance or lack thereof, and other problems in criminal sexual prosecutions. *See, generally,* Comment, *Sex Offenses and Penal Code Revision in Michigan,* 14 Wayne L Rev 934 (1968), part of a symposium commenting on the then proposed (now rejected) Michigan Revised Criminal Code. The new criminal sexual conduct code differs significantly from the proposed code's provisions on sexual offenses, nevertheless, they were both directed at solving the problems of the disjointed, vague, and out-of-date provisions of the prior law.

"Defendant may not be convicted under any of sections 15281 to 15286, inclusive, 3 Comp. Laws 1915, because such sections of the Compiled Laws of 1915 were repealed by Act No. 38, Pub. Acts 1927. She may not be convicted either under Act No. 38, Pub. Acts 1927, or Act No. 272, Pub. Acts 1929, because neither of such statutes were in existence when the offense is alleged to have been committed, and hence could not be violated. Judgment of the trial court is affirmed." *Scott, supra,* at 641.

Our task is more difficult. Does the saving clause in 1974 PA 266, preserve not just proceedings pending under prior law, but also the right of the state to bring proceedings under the prior law for acts committed during the life of the prior law and prior to the effective date of the new provision? The new act expressly provides:

"All proceedings pending *and all rights and liabilities existing, acquired, or incurred* at the time this amendatory act takes effect are saved and may be consummated according to the law in force when they are commenced. This amendatory act shall not be construed to affect any prosecution pending or begun before the effective date of this amendatory act." 1974 PA 266, § 2. (Emphasis supplied.)

It is apparent that this saving clause is more inclusive than that in *Scott.* We conclude that this clause does provide that prosecutions may be brought after the repeal date for crimes committed prior to the repeal date. Let us consider the alternatives were this not so. A new statute replaces an old one, effective date April 1. On March 31 at 11:58 p.m. a criminal commits the crime governed by the repealed statute. Under a saving clause such as in *Scott* no prosecution can be brought, even construing the initiation of prosecution as

liberally as possible. Consider also a crime committed even months earlier. The police have no leads and no prosecution could be pending. If the crime is solved shortly after the effective date of the new act, should the defendant go free? This would certainly appear to be the problem to which this saving clause is addressed. We find that MCLA 8.4a; MSA 2.214, also is indicative of the legislative intent to allow prosecutions for violations of repealed statutes where the acts complained of occurred during the life of that statute. *People v McDonald,* 13 Mich App 226; 163 NW2d 796 (1968). There is no unfairness in this. Defendant was on notice that his acts were criminal and revision and updating of the criminal laws should not be grounds for a voidance of such incurred criminal liability. We rule that the Legislature has adequately preserved criminal liability for these acts.

Defendant should have been charged with MCLA 750.336; MSA 28.568. Defendant received a preliminary examination on this charge and was bound over for trial. Therefore, we reverse his conviction on the charge of second-degree criminal sexual conduct, MCLA 750.520c(1)(a); MSA 28.788(3)(1)(a), and remand for trial on the original charge.