PEOPLE v WERSHE

Docket No. 104618. Submitted November 30, 1987, at Lansing. Decided February 17, 1988. Leave to appeal applied for.

Richard J. Wershe, Jr., was arrested and charged with possession with intent to deliver 650 grams or more of cocaine. He was arraigned before a 36th District Court magistrate, who set bail at $1,000,000 or ten percent cash. Wershe posted bail and was released. At the preliminary examination in the 36th District Court, defendant's motion for an adjournment was granted and bail was set at $200,000 cash, William J. Hathaway, J. When the matter was reconvened, Wershe was bound over for trial in Recorder's Court of Detroit and Wershe was remanded to jail without bond. Wershe filed a motion for reduction of bond in the Recorder's Court. The court, Dalton A. Roberson, J., found that Judge Hathaway had no authority to order remand without bond and set aside the order remanding Wershe to jail without bond. The court also ruled that Judge Hathaway had no authority to review Wershe's bail as set by the magistrate or that, if Judge Hathaway could reach a new bail decision, he must first have new information which was not presented to the magistrate and that there was no evidence of any new information. The court therefore set aside Judge Hathaway's order setting a $200,000 cash bail and reinstated the $1,000,000 or ten percent cash bail established by the magistrate. The people filed in the Court of Appeals an emergency motion to review bail.

The Court of Appeals *held:*

1. An arraigning magistrate's initial bail decision may be reviewed only by motion filed in a court of general jurisdiction in criminal cases, including the Recorder's Court of Detroit. However, when a bail decision is taken up by a district court judge at the close of a preliminary examination, at least when the initial bail was set by a magistrate, the decision following

REFERENCES

Am Jur 2d, Appeal and Error §§ 162, 163.

Am Jur 2d, Bail and Recognizance §§ 19, 58 *et seq.*; 82 *et seq.*

See the annotations in the Index to Annotations under Bail and Recognizance.

the preliminary examination does not constitute a review of the magistrate's decision; rather, it is a new bail decision and, once entered, it is the decision subject to review and deference under MCR 6.110(G).

2. Judge Roberson erred in vacating Judge Hathaway's order imposing a $200,000 cash bail. Judge Roberson's order, *to the extent that it modified Wershe's cash bail, is reversed.* Wershe still has the right to seek review of Judge Hathaway's bail decision in Recorder's Court under MCR 6.110(G).

Reversed.

BAIL — ARRAIGNMENT — PRELIMINARY EXAMINATIONS.

A bail decision by a district court judge at the close of a preliminary examination does not constitute a review of the initial bail decision made by a magistrate at the arraignment; the bail decision following preliminary examination is a new bail decision and, once entered, it is the decision subject to review and deference as set forth in the court rules (MCR 6.110[G]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, for the people.

*Bell & Gardner, P.C.* (by *Edward F. Bell*), for defendant.

Before: DANHOF, C.J., and CYNAR and SHEPHERD, JJ.

PER CURIAM. In this case of importance to criminal law and appellate practice, we issue an opinion on the prosecutor's motion to review bond. See *Dean v Great Lakes Casting Co,* 78 Mich App 664; 261 NW2d 34 (1977).

Defendant-appellee Richard John Wershe, Jr., was arrested and charged on an unstated date with possession with intent to deliver less than fifty grams of cocaine in violation of MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv) and possession with intent to deliver 650

grams or more of cocaine in violation of MCL 333.7401(1) and (2)(a)(i); MSA 14.15(7401)(1) and (2)(a)(i). Bail was set in that matter at $250,000 or ten percent cash and $750,000 or ten percent cash, respectively. After a few days, Wershe posted bail and was released.

Wershe was then arrested and the current charge of possession with intent to deliver 650 grams or more of cocaine was initiated, with Wershe allegedly found in possession of approximately five kilograms of cocaine.

Wershe was arraigned before 36th District Court Magistrate C. Lorene Royster on October 14, 1987. Bail was set at $1,000,000 or ten percent cash. Apparently within a few days Wershe also posted that bail and was released. He appeared for his preliminary examination before 36th District Judge William J. Hathaway on October 26, 1987.

Following presentation of the proofs, in accordance with defense counsel's request for an adjournment to produce case authority relevant to the decision as to whether to bind Wershe over to the Recorder's Court for the City of Detroit, the decision on binding Wershe over to Recorder's Court was adjourned, and the issue of bail was taken up. After hearing arguments, without any explicit consideration of any of the bail factors of MCR 6.110(E)(1)-(9) and without any explicit consideration of the magistrate's bail decision, Judge Hathaway set bail at $200,000 cash.

The matter was again before Judge Hathaway on October 30, 1987. Following rejection of defense arguments, Wershe was bound over to Recorder's Court as charged. Then, as to the matter of bail, the prosecutor urged Judge Hathaway to remand Wershe to jail without bond. Judge Hathaway, finding Wershe was "worse than a mass murderer," remanded him without bond.

Wershe filed a motion for reduction of bond dated October 26, 1987, in Recorder's Court. In his opinion of November 4, 1987, Judge Dalton A. Roberson found no authority for Judge Hathaway's remand without bond. By his order of that same date, effective November 11, 1987, he set aside that order (identified as being of October 29, 1987, but apparently actually issued on the record October 30, 1987). The prosecutor raises no argument as to this aspect of the case, and it will be addressed no further.

However, Judge Roberson also found, somewhat as alternative rulings, that Judge Hathaway had no authority to review Wershe's bail as set by the magistrate, MCR 6.110(G)(1), or at least that, if the judge could reach a new bail decision, a requirement for new information was present and on this record no such new information had been placed before Judge Hathaway that had not been presented to the magistrate. Consequently, he set aside Judge Hathaway's October 26, 1987, order setting a $200,000 cash bail and reinstated the $1,000,000 or ten percent cash bail as initially established by the magistrate.

Following the prosecutor's motion to review bail, this Court entered its order of November 30, 1987, reinstating Judge Hathaway's $200,000 cash bail and directing the parties to file further briefs. The motion to review bail was held in abeyance.[1]

---

[1] The Court has been advised that, apparently due to defendant-appellee's conviction on one of the other charges previously pending against him, the $200,000 cash bail, which he had posted and which is at issue in this case, was cancelled by order of Detroit Recorder's Court Judge Michael J. Talbot on January 12, 1988.

An issue is moot when an event occurs which renders it impossible for the reviewing court to grant any relief. *Shumacher v Tidswell,* 138 Mich App 708, 717; 360 NW2d 915 (1984); *Swinehart v Secretary of State,* 27 Mich App 318, 320-

This Court finds that under the bail scheme as established by the Supreme Court in MCR 6.110, an arraigning magistrate's initial bail decision may only be reviewed by motion filed in a court of general jurisdiction in criminal cases, including the Detroit Recorder's Court, MCR 6.110(G)(1). However, when a bail decision is taken up by a district court judge at the close of a preliminary examination, at least when the initial bail was set by a magistrate as was the case here,[2] we do not believe that decision following the preliminary examination constitutes a review of the magistrate's decision. Instead, it should be considered to be a new bail decision, and once entered, it is the decision subject to review and deference under MCR 6.110(G).

Our reasons for this ruling are several. First, the initial magistrate's bail decision is made with little or no developed information generally. Even in this case, where some information was argued on the record, there appears to have been no

321; 183 NW2d 397 (1970), lv den 384 Mich 801 (1971). [*Plumbers & Pipefitters Local No 190 v Wolff*, 141 Mich App 815, 818; 369 NW2d 237 (1985).]

However, this Court will entertain cases that are technically moot if the issues involved are of public significance and are likely to recur in the future and yet evade judicial review. *Whitman v Mercy-Memorial Hospital*, 128 Mich App 155, 158; 339 NW2d 730 (1983); *Socialist Workers Party v Secretary of State*, 412 Mich 571, 582; 317 NW2d 1 (1982). [*In re Wayne Co Election Comm*, 150 Mich App 427, 432-433; 388 NW2d 707 (1986), lv den 425 Mich 882 (1986). See also *Roe v Wade*, 410 US 113, 124-125; 93 S Ct 705; 35 L Ed 2d 147 (1973).]

In accordance with our expression of the importance of this case causing us to publish this opinion under *Dean, supra*, we note the public significance of the issues raised in this appeal are self-evident.

[2] On this record we are not presented with the issue of the initial bail decision being reached by a district judge and the possible problem of another "coequal" judge setting aside that decision, MCR 2.613(B). Accordingly, we do not address the issue.

report from any court agency.[3] This is compared with the situation at the preliminary examination, where the matter is always on the record and where a significant amount of information has been developed on that record, relevant at least to MCR 6.110(E)(8) ("the nature of the offense presently charged and the apparent probability of conviction and the likely sentence. . ."). In addition, the court will have had a reasonable time, if desired, to have a background report regarding bail prepared.

Next, once a defendant has been bound over to the trial court, the status of the case has undergone a significant change which justifies consideration of the bail factors and setting bail unfettered by the now outdated magistrate's initial bail decision.

In addition, while in no manner wishing to denigrate the importance of magistrates in Michigan's criminal justice system, the prosecutor has asserted, uncontradicted by the defense, that some eighty percent of magistrates statewide are not attorneys. Clearly none are elected judicial officers. Magistrates' decisions are subject to de novo appeals as of right in the district court, MCL 600.8515; MSA 27A.8515. See *People v Delongchamps,* 103 Mich App 151, 158; 302 NW2d 626 (1981), lv den 412 Mich 857 (1981).

Nor are we persuaded to the contrary by *People v Szymanski,* 406 Mich 944 (1979), where the Supreme Court recited the standard of deference

[3] The prosecutor also suggests, and defendant-appellee does not disagree, that many times an arraignment proceeding is not on the record. While not pertinent in this case per se, since a transcript was prepared, the absence of a transcript of the arraignment in many cases would leave review of the arraigning magistrate's decision to be essentially impossible. This lends credibility to the prosecutor's argument that the Supreme Court would not intend a review of a record where in many cases no record is produced.

to a district court's bail decision and the necessity of a review of the transcript in reaching such decision. As pointed out by the prosecutor, the source of the original bail decision in that case is unknown.

Because we find that Judge Roberson erred in vacating Judge Hathaway's order imposing a $200,000 cash bail, we reverse Judge Roberson's order of November 4, 1987, which order was effective November 11, 1987, to the extent it did so modify Wershe's cash bail. This order is without prejudice, however, to Wershe's right to seek review of Judge Hathaway's bail decision in Recorder's Court under MCR 6.110(G).

Reversed.