PEOPLE v DALBY

Docket No. 113773. Submitted August 1, 1989, at Lansing. Decided August 28, 1989. Leave to appeal denied, 434 Mich 855.

On May 19, 1988, Phyllis Dalby was arraigned on the felony charge of larceny in a building involving the alleged theft in a store of a $78 blouse on the prior day. In July, 1988, defendant moved in Oakland Circuit Court to quash or dismiss the charge, arguing that if she was going to be prosecuted at all it should be for the misdemeanor of retail fraud in the second degree which was statutorily created by an act which had taken effect on June 1, 1988. The trial court, Francis X. O'Brien, J., granted the motion and dismissed the felony charge. The prosecution appealed.

The Court of Appeals *held:*

Since the Legislature did not specifically provide that prosecutions which had already been commenced under the larceny in the building statute would be void, the general savings provision applies and any pending action is saved. Therefore, it was error for the trial court to quash the information and dismiss the felony charge.

Reversed.

LARCENY — LARCENY IN A BUILDING — RETAIL FRAUD.

Criminal proceedings under the larceny in a building statute are properly continued against one who prior to June 1, 1988, was charged and arraigned under that statute even though the criminal act would have constituted the misdemeanor of retail fraud in the second degree had it occurred subsequent to June 1, 1988, and even though trial on the charge did not occur prior to the June 1, 1988, statutory amendment creating the new crime of retail fraud (MCL 750.356d, 750.360; MSA 28.588[4], 28.592).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Statutes §§ 420-423.

See the Index to Annotations under Amendment; Criminal Law; Ex Post Facto Laws; Repeal.

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Daniel J. Garber, Jr.,* Assistant Prosecuting Attorney, for the people.

*James S. Lawrence,* for defendant.

Before: Hood, P.J., and Cavanagh and J. W. Fitzgerald,* JJ.

Per Curiam. The prosecution appeals as of right from an order of the Oakland Circuit Court dismissing a felony charge of larceny in a building against defendant. MCL 750.360; MSA 28.592. We reverse.

The basis for the charge was an allegation by department store security personnel that the defendant tried to take a blouse valued at $78 from the store on May 18, 1988. The complaint was signed May 19. The record indicates an arraignment on that date. Defendant filed a motion to quash or dismiss in July, 1988, arguing that if she was going to be prosecuted it had to be under a recent amendment to the penal code for the misdemeanor of retail fraud in the second degree. MCL 750.356d; MSA 28.588(4).

Generally, amendments of criminal statutes are not applied to bar prosecutions for crimes committed before the amendatory act. *People v Ulysee Gibson,* 71 Mich App 220, 225; 247 NW2d 357 (1976); *People v McDonald,* 13 Mich App 226, 229-230; 163 NW2d 796 (1968). Unless the Legislature specifically voids a former law, any action pending on the effective date of the new law is saved and any conviction under the preamendment statute is validated. MCL 8.4a; MSA 2.214; *People v Garve-*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

*doni,* 172 Mich App 195, 197-198; 431 NW2d 221 (1988).

The retail fraud amendment was effective June 1, 1988. 1988 PA 20, § 3. Defendant argues on appeal that she cannot be prosecuted for retail fraud because the crime was not in effect at the time of the alleged incident. We agree. See *People v Gibson, supra,* p 223. However, she then seeks to use language from the same statute to argue that a felony charge is precluded. We fail to see the logic in this argument.

The new section provides that a "person who commits the crime of retail fraud in the second degree shall not be prosecuted under the felony" of larceny in a building. MCL 750.356d(2); MSA 28.588(4)(2). However, as noted by defendant, she can not have committed the crime of retail fraud. Therefore, the limit on the felony prosecution does not apply.

Since defendant was arraigned prior to June 1, 1988, this action was pending on the effective date of the amendment. See *Gravedoni, supra,* p 197. The amendment does not void the former law, but limits its application if the amendment applies. The prosecution for larceny in a building in this case was not precluded by the amendment. The trial court erred in quashing the information.

Reversed.