PEOPLE v MANSOUR

Docket No. 153468. Submitted December 8, 1993, at Detroit. Decided April 6, 1994; approved for publication June 23, 1994, at 9:25 A.M.

Athir Mansour was charged in the 36th District Court with second-degree obscenity, MCL 752.366; MSA 28.579(366). The district court, Chris E. Stith, J., dismissed the charge, holding that the obscenity statute was unconstitutional because of overbreadth. The Recorder's Court of Detroit, Dalton A. Roberson, J., denied the prosecution's application for leave to appeal. The prosecution appealed to the Court of Appeals by leave granted.

The Court of Appeals *held:*

Because the second-degree obscenity statute has been repealed by the Legislature, and, thus, it is impossible for the Court of Appeals to fashion a remedy for the prosecution, the issue raised in this appeal is moot.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

*Rubin & Rubin* (by *Carl L. Rubin*), for the defendant.

Before: CAVANAGH, P.J., and BRENNAN, and R. A. BENSON,* JJ.

PER CURIAM. Defendant, Athir Mansour, was charged with second-degree obscenity, MCL

* Circuit judge, sitting on the Court of Appeals by assignment.

752.366; MSA 28.579(366). Before trial, defendant filed a motion to dismiss based upon the constitutionality of the Michigan criminal obscenity statute. A hearing concerning defendant's motion to dismiss subsequently was held, and the trial court entered an order of dismissal, finding that the statute was unconstitutional. The prosecution appeals by leave granted, and we affirm.

The prosecution's sole claim on appeal is that the trial court erred in dismissing the charge of second-degree obscenity. The prosecution contends that the statute is constitutional and, consequently, requests that this Court allow this case to proceed on its merits. MCL 752.366; MSA 28.579(366) specifically provides in pertinent part:

> (1) A person is guilty of obscenity in the second degree when, knowing the content and character of the material, the person disseminates, or possesses with intent to disseminate, to the public any obscene material.

This particular statutory provision, however, has been repealed by the Legislature.[1] An issue is moot when the occurrence of an event renders it impossible for the court to fashion a remedy. *People v Wershe,* 166 Mich App 602; 421 NW2d 255 (1988); *Crawford Co v Secretary of State,* 160 Mich App 88, 93; 408 NW2d 112 (1987). Because it would now be impossible for this Court to grant the prosecution a remedy in this case, we find that this issue is moot.

Affirmed.

---

[1] 1992 PA 216, § 2 effective March 31, 1993.