PEOPLE v F P BOOKS AND NEWS, INC

Docket No. 154779. Submitted December 7, 1993, at Detroit. Decided
April 14, 1994; approved for publication June 23, 1994, at 9:20
A.M. In lieu of granting leave to appeal, the judgment of the
Court of Appeals is reversed, and the case is remanded to the
Court of Appeals for consideration, 446 Mich 869.

F.P. Books and News, Inc., and others were charged in the 51st
District Court with several counts of first-degree obscenity. The
court, Robert Carr, J., dismissed the charges after finding the
criminal obscenity act, MCL 752.361 *et seq.*; MSA 28.579(361) *et
seq.*, unconstitutionally overbroad. The prosecution appealed,
and the Oakland Circuit Court, Edward Sosnick, J., affirmed.
The prosecution appealed by leave granted.

The Court of Appeals *held:*

The act was amended by 1992 PA 216 after the commission
of the alleged offenses. Because this action was dismissed and
was not pending on the effective date of the new law, March 31,
1993, it is impossible for the Court of Appeals to grant the
prosecution a remedy in this case. An issue is moot when the
occurrence of an event renders it impossible for the Court to
fashion a remedy.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Richard H. Browne,* Assistant
Prosecuting Attorney, for the people.

*Carl L. Rubin,* for the defendants.

Before: CAVANAGH, P.J., and BRENNAN, and
R. A. BENSON,* JJ.

PER CURIAM. Defendants were charged with sev-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

eral counts of first-degree obscenity, MCL 752.365; MSA 28.579(365). The criminal charges, however, were dismissed subsequently by the district court on the basis of its finding that the Michigan criminal obscenity act, MCL 752.361 *et seq.*; MSA 28.579(361) *et seq.*, is unconstitutionally overbroad. The people appealed, and the district court's decision was affirmed by the Oakland Circuit Court. The people now appeal to this Court by leave granted. We affirm.

The sole issue raised by the people on appeal is whether the Michigan obscenity act is constitutionally valid and enforceable. The people contend that the act is constitutional and, consequently, request that this Court remand this case for reinstatement of the first-degree obscenity charges. At the time of the alleged offenses, MCL 752.365; MSA 28.579(365) stated in pertinent part:

> A person is guilty of obscenity in the first degree when, knowing the content and character of the material, the person disseminates, or possesses with intent to disseminate, any obscene material if dissemination of obscene material is a predominant and regular part of the person's business at a particular theater, store, warehouse, or other establishment and if obscene materials are a principal or substantial part of the stock in trade at that theater, store, warehouse, or other establishment.

"Knowledge of content and character" was defined in pertinent part as:

> general knowledge or reason to know, or a belief or ground for belief which warrants further inspection or inquiry, of the nature and character of the material involved. A person has such knowledge when he or she knows or is aware that the material contains, depicts, or describes sexual conduct whether or not such person has precise

knowledge of the specific contents of the material. [MCL 752.362(3); MSA 28.579(362)(3).]

These particular statutory provisions, however, have been amended by the Legislature.[1] Currently, a person is guilty of obscenity only when, "knowing the content and character of the material, the person disseminates, or possesses with intent to disseminate, any obscene material." MCL 752.365(1); MSA 28.579(365)(1). To know the content and character of the material for purposes of the current obscenity act means simply to have "general knowledge of the nature and character of the material involved." MCL 752.362(3); MSA 28.579(362)(3). An issue is moot when the occurrence of an event renders it impossible for the court to fashion a remedy. *People v Wershe,* 166 Mich App 602; 421 NW2d 255 (1988); *Crawford Co v Secretary of State,* 160 Mich App 88, 93; 408 NW2d 112 (1987). It would now be impossible for this Court to grant the people a remedy in this case because this particular action was dismissed and was not pending on the effective date of the new law. *People v Dalby,* 181 Mich App 673; 451 NW2d 201 (1989); *People v Gravedoni,* 172 Mich App 195, 197-198; 431 NW2d 221 (1988).

Affirmed.

---

[1] 1992 PA 216, § 1, effective March 31, 1993.