# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GEORGIO MACK,

Defendant-Appellant.

UNPUBLISHED
July 6, 2017

No. 331818
Washtenaw Circuit Court
LC No. 15-000591-FH

Before: TALBOT, C.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

A jury convicted defendant, Georgio Mack, of felon in possession of a firearm, MCL 750.224f(2), carrying a concealed weapon (CCW), MCL 750.227, assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced him to prison terms of one to five years for felon in possession, one to five years for CCW, one to two years for assaulting, resisting, or obstructing a police officer, and 195 days for possession of marijuana. Defendant appeals by right. We affirm.

## I. FACTUAL BACKGROUND

On June 12, 2015, at approximately 7:30 p.m., several members of the Washtenaw County Sheriff's Department arrived at 1161 DeSoto Avenue, in Ypsilanti Township, in response to a 911 call regarding a black male armed with a gun arguing with a black female in front of a Dodge Charger. Sheriff's Deputy Erin Larkin testified at defendant's trial that she approached a parked car matching the description given by dispatch. When Larkin asked the female driver to roll down her window, the driver shook her head and drove away from the scene.

Sergeant Charles Hunt testified that, just as this was happening, he turned onto DeSoto and blocked the roadway with his patrol car, stopping the car again. Hunt testified that he exited his patrol car and saw through the front driver's window of the suspect car a black woman in the driver's seat, a black man in the passenger seat matching the description given by dispatch, and "several children in the backseat." Hunt stated that he ordered the man and woman to exit the

-1-

car, but the man—being defendant—"adamantly refused." Hunt testified that defendant was "moving around at times, reaching around," prompting police to order him to show them his hands.[1] At one point, Hunt recounted, the female driver started the car's engine and attempted to put it in gear, and officers ordered her to turn off the engine. Hunt stated that after the driver turned off the car's engine, the occupants rolled down the windows enough for him to reach in and unlock a door when defendant was distracted. Defendant exited the car and an officer immediately handcuffed him. Officers found a loaded gun registered to someone other than the occupants of the car, with its handle protruding onto the back floorboard from underneath the passenger seat where defendant had been sitting. They searched defendant and found a "golf ball sized baggie" of marijuana.

## II. ANALYSIS

Defendant first contends that a cautionary instruction, given by the trial court to limit the jury's use of testimony regarding the content of the 911 call and dispatch's response, was inadequate. However, defense counsel approved the instruction given, thus waiving his claim of error. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000) (indicating that defense counsel's approval of a trial court's response constitutes a waiver of the issue on appeal.) Because defendant waived the issue, there is no "error" to review. *Id*. at 219.

Defendant next contends that trial counsel was ineffective for failing to challenge the adequacy of the aforementioned cautionary instruction. We disagree. Defendant failed to preserve his claim of ineffective assistance of counsel by moving for a new trial or an evidentiary hearing on this ground, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), and thus, this Court's review is limited to errors apparent on the record, *id*., and to plain error affecting defendant's substantial rights, *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). Defendant states, however, that the record is fully developed to address the matter.

The United States Constitution and the Michigan Constitution guarantee the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1 § 20; *United States v Cronic*, 466 US 648, 653-654; 104 S Ct 2039; 80 L Ed 2d 657 (1984); *People v Vaughn*, 491 Mich 642, 669 n 104; 821 NW2d 288 (2012). To prove that he received constitutionally ineffective assistance, defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceedings would have been different. *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The jury instruction at issue was given during Larkin's testimony. The prosecutor asked Larkin what brought her to the area in question, and Larkin responded that "Dispatch broadcasted that there was a possible man with a gun in the area of 1161 DeSoto." Larkin

---

[1] Deputy Jeffrey Gontarski testified that he observed the passenger of the car "actually reaching down underneath of his seat with his hand in an extended motion under the seat . . . he was sitting in."

testified regarding how she responded to that call, and when asked what she was looking for upon arrival at that address, she answered, "The dispatch call was for a black male and a black female arguing in front—". At this point, defense counsel objected and stated, "Your Honor, I'm sorry. I don't object to the question or the answer, but . . . I'm asking that the jury be told that this is not to be taken as being true but simply the reason why she was dispatched to that location." The prosecutor expressly agreed, stating that the testimony was "not for the truth of the matter asserted." The court also agreed, instructing the jury as follows: "Right. It would be hearsay except that it's not being offered for the truth of the matter asserted which is the definition of hearsay. So, treat it as such." Defense counsel thanked the court, and Larkin proceeded to testify. Other officers also testified regarding the fact that they were dispatched because of a man with a gun, and defense counsel did not object or seek further instruction from the court.

Defendant argues that this limiting instruction was deficient because the trial court did not explain to the jury what "hearsay" means, and thus, that defense counsel's failure to request a sufficient instruction constituted performance below an objective standard of reasonableness, and that defendant was prejudiced as a result.

Assuming arguendo that defense counsel was ineffective in failing to solicit from the trial court a more detailed explanation of the evidentiary rules and limited use of the evidence in its instruction, defendant's claim of ineffective assistance nevertheless fails because he cannot show the requisite prejudice. Read in context, the trial court's limiting instruction instructed the jury to consider Larkin's testimony only as an explanation of why she went to the location where she found defendant. The context for the court's instruction was trial counsel's express request—and the prosecutor's agreement with that request—that the jury not consider the information for the truthfulness of the underlying facts, i.e., that there was a black male with a gun at the designated location, and that that man was defendant. Even if the trial court did not provide a technical explanation of what hearsay is, the court nevertheless conveyed the limits on the jury's use of the testimony at issue when it stated that the prosecution was not offering the testimony for the truth of the matter asserted. Defendant's trial counsel reiterated the court's explanation in his closing, indicating that the content of the 911 call was not admitted for its truthfulness, but "for the limited purpose of explaining why the police went to the location that they did[,]" and, therefore, could not be used to determine whether defendant "ever possessed a gun."

In addition to its cautionary instruction, the trial court also instructed the jury that it should begin its deliberations with the presumption of defendant's innocence, and that this presumption entitled defendant to a "not guilty" verdict unless the jury found that the prosecution had proved every element of the charged crimes beyond a reasonable doubt. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Here, the trial court's limiting instruction, viewed in its context, and the court's instruction regarding the presumption of defendant's innocence are presumed to cure any error from trial counsel's failure to request a more thorough explanation of "hearsay," especially when the testimony was not being admitted for the truth of the matter asserted and the lawyers and the court all made that point to the jury.

In light of the substantive evidence of defendant's guilt, including his adamant refusal to exit the car despite what had to have been "a hundred" requests to do so, according to Hunt,

observations of defendant reaching down underneath and around his seat, and the presence of a loaded gun directly under his seat, we conclude that defendant has not established a reasonable probability of a different outcome.

Finally, defendant argues—and the prosecution agrees—that defendant's judgment of sentence contained contradictory statements about whether the sentence imposed for resisting and obstructing was to be served consecutively or concurrently to his other offenses. On October 14, 2016, defendant filed a motion to remand to the trial court for correction of an invalid sentence, which this Court granted on November 29, 2016. *People v Mack*, unpublished order of the Court of Appeals, entered November 29, 2016 (Docket No. 331818). On January 23, 2017, the trial court filed an amended judgment of sentence clarifying its sentence. Therefore, this issue is moot because defendant has already received the remedy he sought. *People v Mansour*, 206 Mich App 81, 82; 520 NW2d 646 (1994) ("An issue is moot when the occurrence of an event renders it impossible for the court to fashion a remedy.").

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael J. Kelly